BELFIORE, Appellant,

v.

NATIONAL ENGINEERING AND CONTRACTING COMPANY, Appellee.

[Cite as *Belfiore v. Natl. Eng. & Contracting Co.* (1991), 71 Ohio App.3d 142.]

Court of Appeals of Ohio,
Cuyahoga County.

Nos. 58205, 58267.

Decided March 25, 1991.

*Shapiro, Turoff, Gisser & Belkin* and *Alan Belkin,* for appellant.

*Reminger & Reminger Co., L.P.A.,* and *Thomas R. Kelly,* for appellee.

---

ANN McMANAMON, Judge.

Sammy J. Belfiore ("employee") appeals the trial court's dismissal of his R.C. 4113.52(D) action against National Engineering and Contracting Company ("employer"). The employee sought redress for the employer's alleged retaliatory conduct against him. His sole assigned error takes issue with the trial court's purportedly narrow construction of R.C. 4113.52(D). The employer cross-appeals and, in one assignment of error, charges that the employee's suit was frivolous. Upon review, we are compelled to affirm the judgment of the trial court.

On December 1, 1987, the employee, a journeyman carpenter for eleven years at the employer's facilities, notified his supervisors and the United States Occupational Safety and Health Administration ("OSHA") of unsafe working conditions in the employer's Elyria Waste Water Treatment Plant. Four days later, the employer terminated his employment.

In October of the following year, the employer denied the employee's application for re-employment. In response to what the employee perceived as a retaliatory action, the employee filed suit pursuant to the newly enacted "whistle blower's statute," effective June 29, 1988. The court granted the employer's Civ.R. 12(B)(6) motion to dismiss the action for failure to state a claim upon which relief could be granted, but denied the employer's motion for sanctions, declining to label the employee's cause frivolous.

The employee's sole assigned error charges that the trial court erred in construing R.C. 4113.52(B) so as to exclude his claim. The employee contends that the definition of "employee," as used in the statute, includes a former employee who was denied re-employment in retaliation for reporting his employer's safety violations to the authorities. R.C. 4113.51(A) defines "employee" as " * * * any person who performs a service for wages or other remuneration for an employer."

R.C. 4113.52(D) states:

"If an employer takes any disciplinary or retaliatory action against an employee as a result of the employee's having filed a report under division (A) of this section, the employee may bring a civil action for appropriate injunctive relief or for the remedies set forth in division (E) of this section, or both, within one hundred eighty days after the date the disciplinary or retaliatory action was taken, in a court of common pleas in accordance with the Rules of Civil Procedure. A civil action under this division is not available to an employee as a remedy for any disciplinary or retaliatory action taken by an appointing authority against the employee as a result of the employee's having filed a report under division (A) of section 124.341 of the Revised Code."

The R.C. 4113.52(A) report is one made by an employee who " * * * becomes aware in the course of his employment of a violation * * *." R.C. 4113.52(A)(1)(a).

█ R.C. 4113.52 must be applied prospectively as it is not expressly retroactive. *Wing v. Anchor Media, Ltd. of Texas* (Mar. 27, 1990), Franklin App. No. 89AP–845, unreported, 1990 WL 33559, affirmed (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. See, also, R.C. 1.48; *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489; *Kiser v. Coleman* (1986), 28 Ohio St.3d 259, 28 OBR 337, 503 N.E.2d 753. R.C. 4113.52 became effective June 29, 1988, six months after the employee reported safety violations and was terminated from his employment. Thus, it has no retroactive application to any claimed retaliatory discharge in this case.

█ The employee's unsuccessful attempt to regain employment in October 1988 is also not within the parameters of R.C. 4113.52. The plain language of the statute refers to retaliatory action taken by an employer against an employee, not a former employee, who files a report pursuant to R.C. 4113.52(A). This provision also specifically refers to a report made by an employee regarding a violation discovered in " * * * the course of his employment * * *." Though the employee made his report while still employed, and the employee believes his employer discharged him because of it, the statute was not yet in existence and so cannot be retroactively applied to those events. *Wing, supra;* R.C. 1.48; *Van Fossen, supra; Kiser, supra.* As the employee's application for re-employment directly resulted from those events, to allow him to bring this claim, in effect, would allow him to circumvent the prospective application of the statute. Thus, we find the court properly construed R.C. 4113.52 to find that the employee failed to state a claim upon which relief could be granted pursuant to R.C. 4113.52.

This assigned error is not well taken.

The employer's cross-appeal contends the trial court erroneously failed to sanction the employee for bringing a frivolous claim. The court specifically determined the cause was not frivolous by reason of the newness of the statute.

R.C. 2323.51(A)(1)(b) permits the trial court to award attorney fees to a defendant where the plaintiff filed a suit " * * * not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law."

A court's decision regarding the imposition of sanctions for a violation of this provision is not reversible absent an abuse of discretion. *Hildreth v. Mims* (1990), 70 Ohio App.3d 282, 590 N.E.2d 1353; *Painter v. Midland Steel Products Co.* (1989), 65 Ohio App.3d 273, 583 N.E.2d 1018. See, also, *State, ex rel. Fant, v. Sykes* (1987), 29 Ohio St.3d 65, 29 OBR 446, 505 N.E.2d 966; *Stevens v. Kiraly* (1985), 24 Ohio App.3d 211, 24 OBR 388, 494 N.E.2d 1160. R.C. 2323.51(B)(2)(c), however, requires the court to first conduct an evidentiary hearing on the issue before making its determination. *Hildreth, supra; Painter, supra.* This the court did not do. The court, in fact, denied the employer's motion requesting an oral hearing on the subject.

We are thus compelled to reverse the decision of the trial court on the defendant's frivolous-conduct claim and remand the cause for an evidentiary hearing as mandated by R.C. 2323.51(B)(2)(c).

The judgment of the trial court is affirmed in part, reversed in part and remanded for an R.C. 2323.51(B)(2)(c) evidentiary hearing.

> *Judgment affirmed in part,*
> *reversed in part*
> *and cause remanded.*

FRANCIS E. SWEENEY, P.J., and JOHN V. CORRIGAN, J., concur.

JOHN V. CORRIGAN, J., retired, of the Eighth Appellate District, sitting by assignment.