BRADLEY ASSOCIATES, LTD., Appellee,

v.

AGRI WORLD TRADE DEVELOPMENT CORPORATION; Cool, Appellant.

[Cite as *Bradley Assoc., Ltd. v. Agri World Trade
Dev. Corp.* (1991), 76 Ohio App.3d 699.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 61677.

Decided Dec. 23, 1991.

*Reminger & Reminger Co., L.P.A.,* and *William V. Valis,* for appellee.

*Wargo & Wargo* and *Mark Fusco,* for appellant.

---

*Per Curiam.*

Defendant-appellant Henry M. Cool ("Cool") appeals from the trial court's denial of his motion for attorney fees for allegedly frivolous conduct pursuant to R.C. 2323.51. The sole assignment of error is whether the trial court abused its discretion in failing to conduct an evidentiary hearing on the motion for attorney fees.

R.C. 2323.51(B)(2) provides:

"(2) An award of reasonable attorney's fees may be made pursuant to division (B)(1) of this section upon the motion of a party to a civil action, but *only after the court does all of the following:*

"(a) *Sets a date for a hearing* to determine whether particular conduct was frivolous, to determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award;

"(b) *Gives notice of the date of the hearing* described in division (B)(2)(a) of this section to each party or counsel of record who allegedly engaged in frivolous conduct and to each party allegedly adversely affected by frivolous conduct;

"(c) *Conducts the hearing* described in division (B)(2)(a) of this section, allows the parties and counsel of record involved to present any relevant evidence at the hearing, including evidence of the type described in division (B)(5) of this section, determines that the conduct in question was frivolous and that a party was adversely affected by it, and then determines the amount of the award to be made." (Emphasis added.)

Pursuant to the statute, once a motion for attorney fees based on frivolous conduct is filed, the court must conduct a hearing. *Calo v. Ferrara* (May 30, 1991), Cuyahoga App. No. 60570, unreported, at 4, 1991 WL 95094. The failure of the trial court to conduct a hearing on the motion prior to its ruling on the motion was an abuse of discretion.

Appellant's sole assignment of error is well taken.

Reversed and remanded for further proceedings consistent with this opinion.

*Judgment accordingly.*

JOHN F. CORRIGAN, P.J., SPELLACY and JAMES D. SWEENEY, JJ., concur.