PISANI et al., Appellees,

v.

PISANI, Appellant.

[Cite as *Pisani v. Pisani* (1995), 101 Ohio App.3d 83.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67599.

Decided Feb. 9, 1995.

*F. Patrick Rosati* and *John P. Fitzmaurice,* for appellees F. Patrick Rosati and John P. Fitzmaurice.

*Koblentz & Koblentz, Richard S. Koblentz* and *Peter A. Russell,* for appellant.

*Per Curiam.*

Defendant-appellant Glenn Pisani appeals from the Domestic Relations Court's denial of its motion asserting frivolous conduct of plaintiff-appellee Carol Pisani under R.C. 2323.51 without holding a hearing. We find no error and affirm.

The divorce trial between the parties lasted forty days and was primarily directed at custody of the couple's two minor children which was awarded to the father, defendant-appellant. Appellant filed a motion for frivolous conduct and requested a hearing, seeking attorney fees under R.C. 2323.51, stating that "Plaintiff's claim for sole custody was asserted merely to harass or maliciously injure Mr. Pisani." The trial court found that "making a claim for the sole allocation of parental rights and responsibilities even though the claim may be contrary to the opinion of expert witnesses is not frivolous conduct." The court denied the motion without a hearing.

R.C. 2323.51 states in pertinent part as follows:

"(A) As used in this section:

"(1) 'Conduct' means filing a civil action, asserting a claim, defense or other position in connection with a civil action, or taking any other action in connection with a civil action.

"(2) 'Frivolous conduct' means conduct of a party to a civil action or of his counsel of record that satisfies either of the following:

"(a) It obviously serves merely to harass or maliciously injure another party to the civil action;

"(b) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.

"(B)(1) Subject to divisions (B)(2) and (3), (C), and (D) of this section, at any time prior to the commencement of the trial in a civil action or within twenty-one days after the entry of judgment in a civil action, the court may award reasonable attorney's fees to any party to that action adversely affected by frivolous conduct. The award may be assessed as provided in division (B)(4) of this section.

"(2) An award of reasonable attorney's fees may be made pursuant to division (B)(1) of this section upon the motion of a party to a civil action, but only after the court does all of the following:

"(a) Sets a date for a hearing to determine whether particular conduct was frivolous, to determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award;

"(b) Gives notice of the date of the hearing described in division (B)(2)(a) of this section to each party or counsel of record who allegedly engaged in frivolous conduct and to each party allegedly adversely affected by frivolous conduct;

"(c) Conducts the hearing described in division (B)(2)(a) of this section, allows the parties and counsel of record involved to present any relevant evidence at the hearing, including evidence of the type described in division (B)(5) of this section, determines that the conduct in question was frivolous and that a party was adversely affected by it, and then determines the amount of the award to be made.

"* * *

"(5) In connection with the hearing described in division (B)(2) of this section, each party who may be awarded reasonable attorney's fees and his counsel of record may submit to the court or be ordered by the court to submit to it, for consideration in determining the amount of any such award, an itemized list or

other evidence of the legal services necessitated by the alleged frivolous conduct, the time expended in rendering the services, and whichever of the following is applicable.   * * * "

At the outset, we recognize that there is a conflict among the panels of this court as to whether a hearing is required on a frivolous conduct motion under R.C. 2323.51 *when the court denies the motion.*   See *Belfiore v. Natl. Eng. & Contracting Co.* (1991), 71 Ohio App.3d 142, 145, 593 N.E.2d 85, 86–87; *Bradley Assoc., Ltd. v. Agri World Trade Dev. Corp.* (1991), 76 Ohio App.3d 699, 700, 602 N.E.2d 1264, 1264–1265; *Wiltsie v. Teamor* (1993), 89 Ohio App.3d 380, 390, 624 N.E.2d 772, 778–779, which hold that it is an abuse of discretion not to hold a hearing even when the motion is denied.

A number of our unreported decisions likewise require a hearing even when the motion is denied.  *Calo v. Ferrara* (May 30, 1991), Cuyahoga App. No. 60570, unreported, at 2, 1991 WL 95094; *Sawchyn v. Middleburg Hts.* (July 2, 1992), Cuyahoga App. No. 60642, unreported, at 4, 1992 WL 159796; *Keeler v. Sohio Procare* (Nov. 12, 1992), Cuyahoga App. No. 61346, unreported, at 3, 1992 WL 333152; *Levey v. Carpenter* (June 17, 1993), Cuyahoga App. Nos. 62784, 62785, 62786, 62989, 62990 and 63475, unreported, at 5, 1993 WL 215392; *St. Clair Builders, Inc. v. Aetna Cas. & Sur. Co.* (July 28, 1994), Cuyahoga App. No. 65893, unreported, at 4, 1994 WL 393672.  Notwithstanding this abundance of precedent, there is contrary authority in this district.  In *Szabo v. Estate of Kurelov* (Nov. 21, 1990), Cuyahoga App. Nos. 59490 and 60113, unreported, at 5, 1990 WL 180642, this court stated:

"Here the trial court properly exercised its discretion in denying the motion since nothing in the record suggests that the plaintiff pursued his claim in less than good faith.  The trial court could properly overrule the motion without a hearing since the hearing is required only prior to the imposition of sanctions."

It would appear that this court's previous decisions requiring a hearing when the motion is denied are currently at odds with *every other* appellate district in the state that has addressed the issue, to wit, the First, Fourth, Fifth, Sixth, Ninth, Tenth and Eleventh District Courts of Appeals.  See *Mays v. Rebar* (Oct. 7, 1992), Hamilton App. No. C–910585, unreported, at 2, 1992 WL 277073; *State ex rel. Ward v. Lions Den* (Nov. 25, 1992), Ross App. No. 1867, unreported, at 3, 1992 WL 487197; *McKinney v. Aultman Hosp.* (Apr. 27, 1992), Stark App. No. CA 8603, unreported, at 2, 1992 WL 100451; *Huddy v. Toledo Oxygen & Equip. Co.* (May 8, 1992), Lucas App. No. L–91–328, unreported, at 2, 1992 WL 95391; *Glass City Bolt & Nut Co. v. Kar Kare Body Shop* (Dec. 30, 1993), Lucas App. No. L–93–158, unreported, at 1, 1993 WL 553611; *In re Annexation of 18.23 Acres of Land to Fairlawn* (Jan. 11, 1989), Summit App. No. 13669, unreported, at 6, 1989 WL 1643; *Justice v. Lutheran Soc. Serv. of Cent. Ohio* (1992), 79 Ohio

App.3d 439, 444, 607 N.E.2d 537, 539–540; *CM Newspapers, Inc. v. Dawson* (Jan. 28, 1992), Franklin App. No. 91–1067, unreported, at 4, 1992 WL 15257; *Micro Coatings, Inc. v. A–1 Advanced Plumbing, Inc.* (Aug. 25, 1944), Franklin App. No. 94 APE01–80, unreported, at 2, 1994 WL 461802; *Cregar v. Ohio Edison* (Jan. 11, 1991), Trumbull App. No. 89–T–4316, unreported, at 2, 1991 WL 1579.

We think the time is ripe to reconsider this court's position in view of the confusion that exists in our own decisions and the uniform decisions of our sister courts.

The critical language of R.C. 2323.51 states at (B)(2) that:

"An award of reasonable attorney's fees may be made pursuant to division (B)(1) of this section upon the motion of a party to a civil action but only after the court does all of the following:

"(a) Sets a date for a hearing * * *;

"(b) Gives notice [thereof] * * *;

"(c) Conducts the hearing * * * [and] allows the parties and counsel of record involved to present any relevant evidence * * *."

The plain meaning of this language is that *an award* of attorney fees as sanctions for frivolous conduct *may only be made after a hearing.* The converse is not addressed by the statutory language, *i.e.,* whether a hearing is required when an award of fees *is denied.* The doctrine of statutory construction, *expressio unius est exclusio alterius,* would imply that a hearing is not required when an award of attorney fees is denied. *Montgomery Cty. Bd. of Commrs. v. Pub. Util. Comm.* (1986), 28 Ohio St.3d 171, 175, 28 OBR 262, 266, 503 N.E.2d 167, 170 ("As a general rule of statutory construction, the specific mention of one thing implies the exclusion of another"). See, also, *Vincent v. Zanesville* (1990), 54 Ohio St.3d 30, 33, 560 N.E.2d 226, 228–229; *Wray v. Wymer* (1991), 77 Ohio App.3d 122, 132, 601 N.E.2d 503, 509–510.

■ As a practical matter, observing a distinction between granting and denying the motion makes sense. A party should not be found to have engaged in frivolous conduct (an extraordinary event) and assessed attorney fees without the benefit of a due process hearing. On the other hand, the court may know from its own experience with the case that the motion is without merit on its face. This distinction was recently noted in *GMS Mgt. v. Seminaro* (July 22, 1993), Cuyahoga App. No. 63007, unreported, at 4, 1993 WL 277073:

"R.C. 2323.51(B) clearly requires that before attorney fees may be assessed for frivolous conduct, the trial court must conduct a hearing. *Spangler v. Redick* (1991), 74 Ohio App.3d 798 [600 N.E.2d 720]; *Belfiore v. Natl. Eng. & Contracting* (1991), 71 Ohio App.3d 142 [593 N.E.2d 85]. Moreover, this court has held

that once a motion for frivolous conduct has been filed, a trial court abuses its discretion in denying the motion prior to conducting a hearing. *Bradley & Assoc., Ltd. v. Agri World Trade Dev. Corp.* (1991), 76 Ohio App.3d 699, 700 [602 N.E.2d 1264, 1264–1265]; see, also, *Youssef v. Jones* (1991), 77 Ohio App.3d 500 [602 N.E.2d 1176]. However, there may be some circumstances in which a hearing is not required, as where the court has sufficient knowledge of the circumstances for the denial of the requested relief and the hearing would be perfunctory, meaningless or redundant. See *Huddy v. Toledo Oxygen & Equipment Co.* (May 8, 1992), Lucas App. No. L–91–328, unreported [1992 WL 95391]."

█ In the latter circumstances, it makes for judicial economy and fairness to vest the trial judge with the sound discretion as to whether or not a hearing should be held. In order to reconcile our own decisions and those of our sister appellate courts, we now hold that a hearing is mandatory under R.C. 2323.51 only when sanctions are imposed and is not necessary when the court determines, upon consideration of the motion and in its discretion, that it lacks merit. We agree with the analysis contained in *McKinney v. Aultman Hosp., supra,* which states as follows at 3, 1992 WL 100451:

"We concur with appellee's analysis that the subject statute does not mandate that a hearing be held but does require that if attorney fees are to be ultimately awarded, then a hearing indeed must have been conducted in accord with subsections (a), (b) and (c) of R.C. 2323.51(B)(2).

"Admittedly the statute contains inscrutable language creating conflicting results. However, [former Judge Joyce George of] the Court of Appeals of Summit County has effectively 'translated' (at least in our eyes) it in the following unambiguous format:

" 'When a frivolous conduct motion is filed, pursuant to R.C. 2323.51, the party against whom the motion is directed should be given opportunity to respond, as with any motion. See Civ.R. 8; *Ohio Furniture Co. v. Mindala* (1986), 22 Ohio St.3d 99, 100 [22 OBR 133, 134, 488 N.E.2d 881, 832], footnote 4. If the motion has merit, whether the party against whom it is directed responds or not, then the trial court must set a hearing as provided in R.C. 2323.51(B)(2)(a). Such a hearing date provides an opportunity for each party to submit briefs and evidentiary materials which may support their respective positions. The hearing is not required to be an oral hearing. Whether the hearing is to be conducted on the submitted matters or orally remains discretionary with the trial court. * * * If the motion lacks merit, whether the party against whom it is directed responds or not, then no hearing date need be set in order for the trial court to deny the motion.' " *McKinney, supra,* quoting *In re Annexation of 18.23 Acres, supra,* 1989 WL 1643 (George, J., concurring).

■ In the instant case, where the court has had the opportunity over several years and forty days of actual trial to observe the parties in action and analyze their motives, we believe it is safe to say that it had ample evidence on which to judge whether there has been a prima facie showing of frivolous conduct warranting a hearing. It would be a rare case where a mother's fight to retain custody of her minor children would be found to be frivolous conduct. We find no abuse of discretion in the trial court's denial of the motion without holding a hearing.

The assignment of error is overruled.

*Judgment affirmed.*

PORTER, P.J., NAHRA and WEAVER, JJ., concur.