JOURNAL ENTRY AND OPINION
This appeal arises from exhaustive litigation in two consolidated post-divorce decree actions involving the custody of a minor child. Unfortunately, the child had almost reached the age of majority by the time her parents agreed to resolve their disputes and submit the matter to the trial judge for final judgment.
In 1985, plaintiff-appellee Norma Je'Nell Whinsenant and defendant-appellant Joseph Popovich were divorced in Mississippi. The parties were awarded "joint legal custody" of their daughter Lauren Popovich. Joseph Popovich was granted "paramount care, custody and control," while the mother was granted visitation.[1]
In 1990 and 1992, the mother commenced these actions in Ohio seeking custody of Lauren and making claims of domestic violence. Popovich and his parents also filed motions for custody of Lauren. The mother was awarded custody of Lauren for several years. After approximately eight years of rancorous litigation in the two consolidated actions, Whinsenant and Popovich agreed to settle their disputes and return custody of Lauren to Popovich. The matter was assigned to several different domestic relations judges and two different magistrates. After the local domestic relations judges recused themselves, the Supreme Court appointed a judge from another district to preside over the matter.
To resolve the litigation, the parties entered into a series of written stipulations, which provided in the introductory paragraph as follows:
 The parties submit the following stipulations to the Court and agree that the court may enter a final order based on the stipulations.
The visiting trial judge entered final judgment, which recited and incorporated verbatim the stipulations, and made certain additional findings concerning the parties' disputed claims. The trial court's journal entry incorporating the stipulations provides as follows:
 This matter came on for consideration, for the determination and resolution of all pending motions filed in Case No. 204505 and consolidated Case No. 220623. All parties have been represented by counsel throughout these proceedings.
 The Court finds that the parties have entered into a series of stipulations, which the parties agree may be used by this Court in formulating this Journal Entry, a copy of which are attached hereto, and [by] reference incorporated herein. The parties have specifically agreed by their stipulations that the Court will enter judgment based on those stipulations. The Court restates the parties' stipulations as part of this Judgment Entry. The parties, therefore, have stipulated and the Court therefore finds as follows:
 1. Norma Je'Nell Whisenant [sic] and Joseph M. Popovich and all other parties agree that in light of what has occurred since the filing of the case of Norma Je'Nell Whisenant [sic] v. Joseph Michael Popovich, et al., Cuyahoga County Common Pleas Court Case No. 204505 (The Visitation Case), the expressed wishes of the minor child Lauren as set forth in the letter written by Lauren to the court (a copy of which is attached as Exhibit A) and based on what is currently in the best interests of the minor child Lauren Popovich, the allocation of parental rights and responsibilities is granted to Joseph M. Popovich and Joseph M. Popovich is designated the residential parent and legal custodian of Lauren. Norma Je'Nell Whisenant [sic] is granted visitation with Lauren in accordance with the Court's standard visitation schedule (attached hereto as Exhibit B).
 2. Lauren Popovich is currently receiving Social Security benefits because of Joseph M. Popovich's disability. Subject to further order of this court, neither Norma Je'Nell Whinsenant nor Joseph M. Popovich is required to pay child support.
 3. Any prior orders of this Court restricting contact with or communication with the minor child Lauren Popovich are hereby terminated and merged into this Order.
 4. All duties and responsibilities of the Guardian ad litem, Michael Thal, are terminated. All restraining orders previously issued by this Court are hereby dissolved and set aside.
 5. Court costs, not including guardian ad litem fees, are to be divided equally between Joseph M. Popovich and Norma Je'Nell Whinsenant.
 6. Reasonable and necessary guardian ad litem fees
shall be determined by the Court and shall be paid one-half by Defendant, Joseph M. Popovich and one-half by Plaintiff, Norma Je'Nell Whisenant [sic].
 7. Before the Court will set guardian ad litem fees,
the guardian shall serve on all parties a motion requesting the fees and expenses that the guardian ad litem seeks. The motion shall contain a sworn affidavit detailing and itemizing, the date
 services were rendered, a description of the service, the time expended in — rendering the service, and all expenses for which the guardian seeks reimbursement. Each party shall have thirty days after service of the motion to notify the Court of the party's agreement or objection to the motion. If an objection to the motion is filed, the Court shall set an oral hearing on the motion and give each party at least thirty (30) days notice of hearing.
The trial court specifically found that all parties, counsel, and guardians ad litem acted at all times in good faith, had reasonable grounds to support their positions, and did not take frivolous legal positions unsupported by law or involving baseless factual allegations or denials. These findings are set forth in the trial court's journal entry as follows:
 THE COURT FURTHER FINDS that the parties by agreement have submitted a Stipulated Journal Entry which the Court is holding, a copy of which is attached hereto as Exhibit C, whereupon all parties acquiesce in the Court dismissing all pending domestic violence allegations for want of prosecution. The Court specifically finds that there were valid, legitimate reasonable concerns causing the parties to file various domestic violence pleadings, and that such filings were made in good faith, which concerns have been addressed, either through the change of circumstances or the passage of time.
 THE COURT FURTHER FINDS that there were reasonable grounds for Je'Nell Whinsenant, Joseph Popovich, Sr., Evangeline Popovich, Debra Popovich, Joseph Popovich Jr., their respective counsel, as well as the Guardians Ad Litem, Michael Thal and Harry Babcock, including counsel for the Guardian Ad Litem, for the pleadings and motions herein, as well as the parties' and counsel's conduct since the commencement of this matter. The Court recognizes that the issues were disputes [sic] by all parties and their respective counsel, and that there were reasonable grounds for dispute.
 THE COURT SPECIFICALLY FINDS THAT no party filed any pleading, motion or other paper in this action (including, but not limited to, a motion or paper filed for discovery purposes, or the taking of any other action in connection with this matter), or asserted any claim, defense, or other position in connection with this matter, that could be considered frivolous or unwarranted or designed to harass or maliciously injure another party to this action or any appeal connected herewith, or for any other improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.
 THE COURT FURTHER FINDS no party filed any pleading, motion or other paper in this action (including, but not limited to, a motion or paper filed for discovery purposes, or the taking of any other action in connection with this matter), or asserted any claim, defense, or other position in connection with this matter that was in any way not warranted under existing law, or could not be supported by a good faith argument for extension, modification, or reversal of existing law, or could not be supported by a good faith argument for the establishment of new law.
 THE COURT FURTHER FINDS that no party or counsel made or caused to be made any allegations or other factual contentions having no evidentiary support or, if specifically so identified, were not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
 THE COURT FURTHER FINDS that no party, or counsel made denials or factual contentions not warranted by the evidence or, if specifically so identified, were not reasonably based on a lack of information or belief.
After making various orders, the trial court's journal entry concluded as follows:
 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there were reasonable grounds for the parties, their respective counsel, the guardians ad litem, and counsel for the guardian ad litem, for all actions taken in this matter.
The trial court entered judgment accordingly and dismissed all pending allegations of domestic violence for want of prosecution. Appealing from the trial court's judgment, defendant-appellant Popovich specifies seven separate assignments of error.[2] He challenges each finding set forth above concerning the disputed claims and the portion of the judgment that found each party, counsel, and guardian ad litem had reasonable grounds for its respective actions in this matter.
Defendant does not separately brief or argue each assignment as required by App.R. 16 (A) (7). Instead, he argues that each challenged item of the judgment entry "is contrary to law, contrary to the parties' stipulations submitted to the trial court, and is against the manifest weight of the evidence." It is well established that appellate courts may disregard assignments of error not separately briefed or argued. App.R. 12 (A) (2). Moreover, we have previously disapproved of such scattershot assignments of error. Nevertheless, we exercise our discretion to address defendant's arguments in this appeal as follows.
Defendant essentially argues that the trial court lacked authority to enter the challenged items of its judgment entry and that its determinations were made without adequate support in the record. He complains that the judgment will preclude future litigation among the participants in these cases. While we express no opinion concerning the preclusive effect, if any, of the trial court's judgment entry on any potential future litigation, we reject defendant's arguments that the trial court lacked authority or adequate support from the record to make its findings and judgment herein.
Trial courts frequently evaluate disputed claims when they approve litigation settlement agreements. In doing so here, the trial court merely recognized that the cases at bar involved disputed claims and, even if any such claims were doubtful, none was invalid or groundless. Such findings were relevant and provided the trial court's reasons for dismissing the pending motions and approving the particular award of costs and guardian ad litem fees.
If the parties had desired the actions be dismissed withoutorder of the court, they could have filed a "stipulation of dismissal" pursuant to Civ.R. 41 (A) (1) (b).[3] The parties, however, were apparently unable to make such an agreement to do so.
Instead, the parties specifically submitted certain stipulations to the trial court and agreed that the trial judge enter a final judgment dismissing their respective claims. Civ.R. 41 (A) (2) provides for such a voluntary dismissal "upon order of the court and upon such terms and conditions as the court deemsproper." In bypassing Civ.R. 41 (A) (1) (b) and authorizing the court to enter judgment pursuant to Civ.R. 41 (A) (2), the parties yielded control over this case. If there is an issue which a party wishes to hold back from what it submits for disposition by the court, then that party must spell out this exception in its agreement. It is inconsistent to request a dismissal by the court subject to the "terms and conditions as the court deems proper" and then subsequently object to the imposition of those terms or conditions.
Defendant argues that the visiting judge did not preside over any hearings in the matter and, therefore, lacked any basis to evaluate the parties' respective claims. It appears, however, that by submitting the matter to the court for disposition, the parties invited the judge to do so on the existing record.
Before the parties submitted the matter to the visiting judge in this case, the parties knew that he had not conducted any hearings in the years before the Supreme Court appointed him. As successor to the prior officials, the visiting judge had a duty to become familiar with the proceedings. We must presume he fulfilled that duty.
The record shows that he presided during the parties' settlement efforts and was, therefore, able to evaluate personally their respective conduct during this stage of the case. Trial courts are permitted to evaluate the propriety of the parties' litigation conduct based on their familiarity with the record in a particular case. E.g., Pisani v. Pisani (1995),101 Ohio App.3d 83, 88-89.
The record in these cases shows that both parties desired not to further oppose their adversary's claims or to further prosecute their own. If defendant desired to further litigate the merits of his claims or defenses in these cases, he should not have entered into a settlement or agreed to submit the matter to the trial judge for entry of final judgment. Under the circumstances, defendant has not shown any error.
Accordingly, defendant's seven assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant(s) her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Domestic Relations Division of the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER, A.J., JOHN T. PATTON, J., CONCUR.
 ______________________________ DIANE KARPINSKI JUDGE
 Appendix FIRST ASSIGNMENT OF ERROR The Court's finding "that there were valid, legitimate reasonable concerns causing the parties to file the various domestic violence pleadings, and that such filings were made in good faith, which concerns have been addressed, either through the change of circumstances or the passage of time" is contrary to law, contrary to the parties' stipulations submitted to the trial court and is against the manifest weight of the evidence before the trial court and the stipulations of the parties submitted to the trial court.
 SECOND ASSIGNMENT OF ERROR The Court's finding that "there were reasonable grounds for Je'nell Whisenant [sic], Joseph Popovich, Sr., Evangeline Popovich, Debra Popovich, Joseph Popovich, Jr., their respective counsel, as well as the Guardian Ad Litem, Michael Thai and Harry Babcock, including counsel for the Guardian Ad Litem, for the pleadings and motions herein, as well as the parties' and counsel's conduct since the commencement of this mater [sic]." And the court's recognition "that the issues were disputes by all parties and their respective counsel, and that there were reasonable grounds for dispute" is contrary to law, contrary to the parties' stipulations submitted to the trial court, and is against the manifest weight of the evidence before the trial court and the stipulations of the parties submitted to the trial court.
 THIRD ASSIGNMENT OF ERROR The Court's finding that "no party filed any pleading, motion or other paper in this action (including, but not limited to, a motion or a paper filed for discovery purposes, or the taking of any other action is connection with this matter), or asserted any claim, defense, or other position in connection with this matter, that could be considered frivolous or unwarranted or designed to harass or maliciously injure another party to this action or any appeal connected herewith, or for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation" is contrary to law, contrary to the parties' stipulations submitted to the trial court and is against the manifest weight of the evidence before the trial court and the stipulations of the parties submitted to the trial court.
 FOURTH ASSIGNMENT OF ERROR The Court' [sic] finding that "no party filed any pleading, motion or other paper in this action (including, but not limited to, a motion or paper filed for discovery purposes, or the taking of any other action in connection with this matter), or asserted any claim, defense, or other position in connection with this matter that was in any way not warranted under existing law, or could not be supported by a good faith argument for an extension, modification, or reversal of existing law, or could not be supported by a good faith argument for the establishment of new law" is contrary to law, contrary to the parties stipulations submitted to the trial court and is against the manifest weight of the evidence before the trial court and the stipulations of the parties submitted to the trial court.
 FIFTH ASSIGNMENT OF ERROR The Court's finding that "no party or counsel made or caused to be made any allegation or other factual contentions having no evidentiary support or, if specifically so identified, were not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery" is contrary to law, contrary to the parties' stipulations submitted to the trial court and is against the manifest weight of the evidence before the trial court and the stipulations of the parties submitted to the trial court.
 SIXTH ASSIGNMENT OF ERROR The Court's finding that "no party, or counsel made denials or factual contentions not warranted by the evidence or, if specifically so identified, were not reasonably based on a lack of information or belief ["] is contrary to law, contrary to the parties' stipulations submitted to the trial court and is against the manifest weight of the evidence before the trial court and the stipulations of the parties submitted to the trial court.
 SEVENTH ASSIGNMENT OF ERROR The Court's order which reads as follows: "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there were reasonable grounds for the parties, their respective counsel, the guardians ad litem, and counsel for the guardian ad litem, for all actions taken in this matter." Is contrary to law, contrary to the parties' stipulations submitted to the trial court and is against the manifest weight of the evidence before the trial court and the stipulations of the parties submitted to the trial court.
[1] At the time, Whinsenant was known as Norma Je'Nell Popovich.
[2] Defendant's seven assignments are set forth in the Appendix.
[3] Civ.R. 41 (A) (1) (b) provides in pertinent part as follows: "* * * an action may be dismissed by the plaintiff without order of court * * * (b) by filing a stipulation of dismissal signed by all parties who have appeared in the action."