OPINION
An accelerated appeal is authorized pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision.Crawford v. Eastland Shopping Mall Assn. (1983) 11 Ohio App.3d 158.
Defendant-appellant Howard Gottleib, personally and d.b.a. Howard N. Gottleib Associates, appeals the decision of the trial court denying his motion for attorney fees as sanctions pursuant to R.C. 2323.51. The appellant requested sanctions against the plaintiff-appellee Dolores Gregory alleging frivolous conduct.
On June 26, 1997, the appellee filed an action against the appellant. The court ultimately permitted the appellant to file a counterclaim. The case eventually proceeded to trial and on April 29, 1999, a decision in favor of the appellant was rendered on the complaint. Additionally, the appellant was awarded $810 on his counterclaim. The appellant's motion for sanctions pursuant to R.C. 2323.51 was filed on May 18, 1999 and denied on June 29, 1999.
The appellant asserts one assignment of error:
 THE COURT BELOW COMMITTED REVERSIBLE ERROR IN FAILING TO GRANT A HEARING AND GRANT SANCTIONS IN THE FORM OF ATTORNEY FEES UPON DEFENDANT-APPELLANT'S MOTION FOR ATTORNEY FEES AS SANCTIONS PURSUANT TO O.R.C. 2323.51
IN ORDER TO DETERMINE WHETHER DEFENDANT-APPELLANT'S MOTION WAS WELL TAKEN WHERE THERE WERE A TOTAL OF FOUR (JUDGES) WHO HAD, AT ONE TIME OR ANOTHER, MADE VARIOUS RULINGS AND WHERE NO ONE (1) JUDGE WAS FAMILIAR WITH THE ENTIRE HISTORY OF THE CASE.
The appellant argues that the record demonstrates the appellee has repeatedly failed to timely comply with any one order of the trial court unless it was brought to the trial court's attention via motion. The appellant asserts that the issue of whether or not prior motions for sanctions have been granted should not be dispositive as to the establishment of a prima facie claim warranting a hearing on a motion brought pursuant to R.C.2323.51. Finally, the appellant argues that since the judge who tried the case had the file for three days, the judge could not have appreciated the delaying tactics used by the appellee for over two years.
In Dickens v. General Accident Ins. (1997), 119 Ohio App.3d 551, this court reiterated that a motion for attorney fees under R.C. 2323.51 can be denied without a hearing when the trial court finds no basis for imposing sanctions. See Pisani v. Pisani
(1995), 101 Ohio App.3d 83, 89, where this court held that a party should not be found to have engaged in frivolous conduct and assessed attorney fees without the benefit of due process. On the other hand, the court may know from its own experience with the case that the motion is without merit on its face. Id. at 87. Generally, see also Russo v. Russo (January 14, 1999), Cuyahoga App. No. 73496, unreported. Where a motion for sanctions is to be denied, it makes for judicial economy and fairness to vest the trial judge with the sound discretion as to whether or not a hearing should be held. Pisani, supra, at 88.
In the case sub judice, the judge who presided over the trial was the same judge who ruled on the motion for sanctions. This court presumes that prior to the trial, the court thoroughly reviewed the entire record, including the pleadings, prior continuances and motions (including prior motions for sanctions), and the rulings on those motions. Likewise, in presiding over the trial, the court was in the best position to view the conduct of the attorneys. The appellant has failed to present any argument which would enable this court to circumvent a published opinion from this district. Supreme Court Rep. R. 2 (G) (2). The trial court did not abuse its discretion in failing to hold a hearing prior to denying the appellant's motion for sanctions pursuant R.C. 2323.51.
The appellant's assignment of error is overruled.
The appellee's motion to strike and motion to dismiss, contained in the body of her brief, are denied as moot.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
LEO M. SPELLACY, P.J., and KENNETH A. ROCCO, J., CONCUR.