ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
Treeline, Inc., appeals from a judgment of the common pleas court denying its motion for sanctions against Cook Paving Construction Co., Inc. in connection with certain excavation work Cook performed for Treeline. On appeal, Treeline contends the trial court erred in failing to conduct a hearing before denying its motion for sanctions. After a careful review of the record and applicable law, we have concluded that the trial court did not abuse its discretion in denying the motion without a hearing, and we therefore affirm the judgment of the court.
The history of the case reveals that Treeline's construction manager distributed job specifications to qualified excavators and sought bids to excavate a tract of real property owned by Treeline, located on Route 21, Brecksville, Ohio, for the purpose of allowing electrical cables to be run through the property. Subsequently, Treeline entered into a $26,750 written contract with Cook. Section 18 of the contract contains terms dealing with changes in work:
 Section 18. — CHANGES IN WORK The contractor may from time to time * * * order such extras, additions, alterations, omissions, or other modifications in the Work hereunder as he may deem necessary. Such changes shall be valid only on the written order of the Contractor * * *.
Prior to completing the project, Cook encountered a gas line beneath Route 21 which had not been marked on the map provided to Cook in the job specifications, and, after determining that the gas line had been abandoned by the East Ohio Gas Company, Cook removed the obstruction, incurring additional expense of $5,319.90. Cook's employees allegedly made verbal representations at some point to Treeline regarding the deficiency of specifications provided by Treeline.
After completion of the project, Cook accepted a check from Treeline dated June 10, 1997 in the amount of $24,075.00, the full contract amount less a 10% retainage to be paid after Treeline determined the work to be free from defects; the check bore a restrictive stamped endorsement as follows: by signing this check [the signator] accept[s] the tendered amount as final and full payment on the drawer's account.
Subsequently, in correspondence dated July 16, 1997, Cook presented a claim against the East Ohio Gas Company in connection with the abandoned gas line, seeking $4,626.00; on July 25, 1997, the gas company notified Cook that it rejected Cook's claim.
On August 1, 1997, Cook issued its invoice to Treeline for the 10% retainer in the amount of $2,675.00 and accepted Treeline's check for that amount. This check, however, did not contain any final payment endorsement. Thereafter, on September 23, 1997, Cook issued another invoice to Treeline for $4,626.00 in connection with the work relating to the abandoned gas line, which Treeline refused to pay.
Thereafter, on December 18, 1998, Cook filed a complaint in common pleas court to recover $5,319.90 from Treeline, which it claimed to have incurred due to the unmarked gas line. During discovery, Cook twice requested the depositions of several Treeline officials but twice cancelled them. Treeline alleges that Cook cancelled the depositions after Treeline rejected Cook's offer to settle for less than the full claim. Treeline then filed a motion for summary judgment, which the trial court granted. Subsequently, Treeline filed a motion for sanctions and requested a hearing. The trial court however denied that motion without conducting a hearing and Treeline now appeals, raising one assignment of error, which states:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO CONDUCT A HEARING ON TREELINE'S UNOPPOSED MOTION FOR SANCTIONS.
Treeline asserts that Cook engaged in frivolous conduct by bringing an action for an improper purpose and furthermore not warranted under existing law or supported by a good faith argument for an extension, modification, or reversal of existing law, in violation of R.C.2323.51(A)(2)(a)(i) and (ii). Treeline argues that it discharged its obligation to Cook by paying the full contract price, which Cook accepted, and that Cook asserted its breach of contract claim against Treeline only after it unsuccessfully raised a claim with the East Ohio Gas Company.
Treeline, in particular, cites Foster Wheeler Enviresponse, Inc. v. Franklin Cty. Convention Facilities Auth. (1997), 78 Ohio St.3d 353, where the court held that when a construction contract requires any modification of its terms to be in writing, such a stipulation is valid and binding, unless waived. Treeline contends that here Cook failed to establish a basis for its claim pursuant to this authority, asserting therefore that there is an arguable basis for Treeline's claim of frivolous conduct and thus the court erred by failing to conduct a hearing prior to its denial of the motion for sanctions.
Cook, on the other hand, argues that it predicated liability on Treeline's furnishing of deficient job specifications, upon which it relied in calculating its bid, and therefore was entitled to additional compensation for conditions beyond what Treeline had represented. Cook asserts that its claim is cognizable in law, pointing to several cases[1]
it had cited in its brief supporting its opposition to Treeline's motion for summary judgement. It further urges that pursuant to the standard adopted by our court, a trial court is vested with the discretion to deny a motion for sanctions without a hearing if it determines that the motion for sanctions is without merit.
The issue presented for our review then concerns whether the court properly denied Treeline's motion for sanctions without holding a hearing.
R.C. 2323.51 defines frivolous conduct as follows:
 (2) "Frivolous conduct" means either of the following:
* * *
(a) * * *
 (i)It obviously serves merely to harass or maliciously injure another party to the civil action or appeal.
 (ii) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.
It is well-established that a hearing is mandatory when a trial court grants a motion for sanctions, pursuant to R.C. 2323.51 (B)(2), which provides in relevant part:
 "An award of reasonable attorney's fees may be made pursuant to division (B)(1) of this section upon the motion of a party to a civil action but only after the court does all of the following:
"(a) Sets a date for a hearing * * *;
"(b) Gives notice [thereof] * * *;
 "(c) Conducts the hearing * * * [and] allows the parties and counsel of record involved to present any relevant evidence * * *."
See Spangler v. Redick (1991), 74 Ohio App.3d 798. However, as to whether a court should hold a hearing when it denies such a motion, our review of applicable case authority reveals a lack of consensus among appellate districts.
Treeline cites decisions from the Tenth Appellate District which hold that where a party seeking sanctions demonstrates an arguable basis for relief under R.C. 2325.51(A)(2)(a)(ii), a trial court should conduct a hearing; and that a trial court's denial of a hearing on a motion for sanctions will be reviewed to determine whether such an arguable basis exists. See Micro Coatings, Inc. v. A-1 Advanced Plumbing, Inc. (Aug. 25, 1994), Franklin App. No. 94APE01-80, unreported and Woodworth v. The Huntington Nat'l Bank (Dec. 7, 1995), Franklin App. No. 95APE02-219, unreported.
The standard is different in the Eighth Appellate District, however, where, rather than requiring a trial court to hold a hearing when an arguable basis for an award of sanctions exists, we held in Pisani v. Pisani (1995), 101 Ohio App.3d 83, that the claimant must demonstrate actual merit before a trial court has the duty to conduct a hearing on a motion for sanctions:
 * * * a hearing is mandatory under R.C. 2323.51 only when sanctions are imposed and is not necessary when the court determines, upon consideration of the motion and in its discretion, that it lacks merit. (Emphasis added.)
See, also, Dickens v. Gen. Acc. Ins. (1997), 119 Ohio App.3d 551; Gregory v. Gottlieb (Jan. 20, 2000), Cuyahoga App. No. 76740, unreported.
A determination that a motion for sanctions lacks merit, furthermore, is only reviewed for abuse of discretion. See Pisani, supra.
An "`abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Strongsville Bd. of Educ. v. Zaino (2001),92 Ohio St.3d 488.
In this case, the trial court had the opportunity throughout the year-long history of this case to observe the parties' conduct and analyze their motives. Furthermore, we presume the court followed the law and reviewed case law cited by the parties in its determination of whether Cook had asserted a claim supportable by existing law and whether Cook had a colorable argument to counter Treeline's contention that the doctrine of accord and satisfaction barred Cook's claim. On the basis of the record before us, therefore, we conclude that the trial court did not abuse its discretion in denying Treeline's motion for sanctions without conducting a hearing. Accordingly, we affirm the judgment of the trial court.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J. and ANN DYKE, J. CONCUR.
[1] Cook cited Condon-Cunningham, Inc. v. Day (1969), 22 Ohio Misc. 71,76-77, where the court held that the additional work created by soil condition incorrectly represented in the reports provided to plaintiff contractors amounted to a breach of contract. Cook also cited S M Contractors, Inc. v. City of Columbus (April 9, 1981), Franklin App. No. 80AP-409, unreported, for the rule that one who contracts to perform a job for a stated price was not entitled to extra compensation because of unexpected difficulties unless specifications provided by the government and relied upon by the contractor in making his bid led the contractor to reasonably believe that the conditions in the specifications existed. Cook additionally cited United States v. Spearin (1918), 248 U.S. 132 for the proposition that where a contractor was bound to build according to plans and specifications prepared by the owner, the contractor would not be responsible for the consequences of defects in the plans and specifications.