ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} Appellants Gordon and Marion Stamper appeal from the trial court's decision overruling their motion for attorney fees following dismissal of appellee First Place Bank's foreclosure action. The Stampers assign the following as error for our review:
 {¶ 2} THE TRIAL COURT ERRED IN OVERRULING THE APPELLANT'S MOTION FOR FEES WITHOUT, AT A MINIMUM, HOLDING A HEARING.
{¶ 3} Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.
{¶ 4} First Place Bank, as successor in interest to Ravenna Savings Bank, filed a foreclosure action against the Stampers for defaulting on the terms of a promissory note. The Stampers filed a motion to dismiss the complaint, which the trial court granted stating, "since [First Place Bank's] claims arise out of the same transaction and occurrence as Case Number 396784, [First Place Bank's] claims for foreclosure should have been brought in that action. Civ.R. 13. * * *."
{¶ 5} The Stampers then moved for sanctions pursuant to Civ.R. 11 and R.C. 2323.51. Without conducting a hearing, the trial court denied that motion, and this appeal followed.
{¶ 6} R.C. 2323.51(B) provides that a court "may award court costs, reasonable attorney's fees, and other reasonable expenses incurred with the civil action or appeal to any party to the civil action or appeal who was adversely affected by frivolous conduct." The court may make such an award only after setting a date for a hearing, notifying the parties of the hearing, and conducting the hearing to determine whether the particular conduct was frivolous, whether any party was adversely affected by it, and if applicable, to determine the amount of an award.[1]
{¶ 7} In their arguments to this court, the Stampers emphasizeWiltsie v. Teamor,[2] wherein this court held that failure to conduct a hearing following a motion for attorney fees based on frivolous conduct is an abuse of discretion.[3] The Stampers fail to recognize our decision in Pisani v. Pisani[4] expressly overruled this proposition of law. In Pisani, we stated:
 {¶ 8} It would appear that this court's previous decisions requiring a hearing when the motion is denied are currently at odds, with Every (sic) other
appellate district in the state that has addressed the issue, to wit, the First, Fourth, Fifth, Sixth, Ninth, Tenth, and Eleventh District Courts of Appeals. [Citations omitted].
 {¶ 9} We think the time is ripe to reconsider this court's position in view of the confusion that exists in our own decisions and the uniform decisions of our sister courts.
{¶ 10} * * *
 {¶ 11} The plain meaning of [R.C. 2323.51 (B)(2)] is that an award of attorney fees as sanctions for frivolous conduct may only be made after a hearing. The converse is not addressed by the statutory language, i.e., whether a hearing is required when an award of fees is denied. The doctrine of statutory construction, expressio unius est exclusio alterius,
would imply that a hearing is not required when an award of attorney fees is denied. [Citations omitted].[5]
{¶ 12} Thus, the law from this district is settled: a motion for attorney fees under R.C. 2323.51 can be denied without a hearing when the trial court finds no basis for imposing sanctions.[6] For reasons of judicial economy and fairness, an R.C. 2323.51 hearing "is mandatory only when sanctions are imposed and is not necessary when the court determines, upon consideration of the motion and in its discretion, that it lacks merit."[7] Accordingly, we review the trial court's decision whether to hold an R.C. 2323.51 hearing under an abuse of discretion standard.[8]
{¶ 13} For an abuse of discretion to exist, the fact-finder's result must be "so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias."[9]
{¶ 14} Here, the Stampers argues the trial court abused its discretion because First Place Bank should have filed its foreclosure action in a previous action. We disagree. The mere fact that a court dismissed a complaint, or that the complaint should have been filed concurrent with another action, does not, per se, establish frivolous conduct.
{¶ 15} Frivolous conduct is conduct of a party to a civil action or his or her representative that "obviously serves merely to harass or maliciously injure another party to the civil action or appeal,"[10] or "is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law."[11]
{¶ 16} The Stampers have provided no evidence that First Place Bank filed its complaint to harass or maliciously injure them, nor have they shown that First Place Bank's complaint is unfounded in existing law. In fact, the Stampers indicates the complaint is founded in existing law by their argument that it should have been brought in a previous action.
{¶ 17} It is axiomatic that a trial court is in the best position to gauge the course of proceedings and the conduct of the parties. Thus, absent an abuse of discretion, we defer to the trial court's findings.[12] Because First Place Bank's conduct was not frivolous, we determine no abuse of discretion exists. Accordingly, the Stampers' assigned error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J., and ANN DYKE, J., CONCUR.
[1] R.C. 2323.51 (B)(2).
[2] (1993), 89 Ohio App.3d 380, 624 N.E.2d 772.
[3] Id. at 390, citing Bradley Assoc., Ltd. v. Agri World TradeDev. Corp. (1991), 76 Ohio App.3d 699, 602 N.E.2d 1264.
[4] (1995), 101 Ohio App.3d 83, 654 N.E.2d 1355.
[5] Id. at 86.
[6] Dickens v. General Accident Ins. (1997), 119 Ohio App.3d 551,695 N.E.2d 1168; Pisani, supra; Sheridan v. Harbison (1995),101 Ohio App.3d 206, 655 N.E.2d 256.
[7] Pisani, supra.
[8] Id.
[9] Nakoff v. Fairview General Hospital, 75 Ohio St.3d 254,1996-Ohio-159.
[10] R.C. 2323.51 (A)(2)(a)(i).
[11] R.C. 2323.51(A)(2)(a)(ii).
[12] Master v. Chalko, 2000 Ohio App. LEXIS 2014 (May 11, 2000), Cuyahoga App. No. 75973, citing Ceol v. Zion Indus., Inc. (1992)81 Ohio App.3d 286, 610 N.E.2d 1076.