JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Kimberly Lisboa ("Kimberly"), appeals the trial court's denial of her motion for sanctions against plaintiff-appellee, Jose Lisboa ("Jose"). Finding no merit to the appeal, we affirm.
 {¶ 2} On July 24, 2006, Jose filed suit against his ex-wife, Kimberly, her attorney Roger Kleinman ("Kleinman"), and his firm, McDonald Hopkins Co., L.P.A. The lawsuit alleged abuse of process, conspiracy, intentional infliction of emotional distress, and statutory criminal violations against Kimberly and Kleinman. The lawsuit further alleged that McDonald Hopkins was responsible for the actions of Kleinman under the doctrine of respondeat superior.[1]
 {¶ 3} Kimberly filed a motion for summary judgment and for sanctions. In January 2007, Jose voluntarily dismissed his lawsuit and refiled it in federal court.[2] After the dismissal, Kimberly filed a renewed motion for sanctions and request for oral hearing, which the trial court denied.
 {¶ 4} The lawsuit Jose filed against his ex-wife stemmed from allegations that Kimberly conspired to "set up" Jose to commit a criminal act. In 2004, Jose pled guilty to aggravated assault and domestic violence. As part of the plea, Jose agreed to voluntarily leave the country and return to his home country of Brazil, and not seek *Page 4 
reentry for ten years.[3] Jose filed a motion for a new trial and a petition for postconviction relief, arguing that his ex-wife had paid another person to set him up to commit the crimes for which he was indicted. The trial court denied both the motion and his petition. Jose appealed the trial court's decision, and we vacated his plea and sentence and remanded the case. State v. Lisboa, Cuyahoga App. No. 89283, 2008-Ohio-571.[4]
 {¶ 5} In the instant appeal, Kimberly raises one assignment of error, in which she argues that the trial court erred when it denied her motion for sanctions pursuant to Civ.R. 11 and R.C. 2323.51 without a hearing.
 {¶ 6} R.C. 2323.51 provides that a party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with the civil action. The term "conduct" is defined as "the filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, or the taking of any other action in connection with a civil action * * *." R.C. 2323.51(A)(1)(a). The term "frivolous" is defined as conduct by a party to a civil action that "is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law." R.C. 2323.51(A)(2)(a)(ii). In determining whether the claim itself is frivolous, the test is whether no reasonable lawyer would *Page 5 
have brought the action in light of the existing law. Orbit Electronics,Inc. v. Helm Instrument Co., 167 Ohio App.3d 301, 2006-Ohio-2317,855 N.E.2d 91, citing Riston v. Butler, 149 Ohio App.3d 390, 397-398,2002-Ohio-2308, 777 N.E.2d 857.
 {¶ 7} R.C. 2323.51 further provides that a hearing must be held if the court is to award sanctions. The converse, however, is not addressed by the statutory language, i.e., whether a hearing is required when an award of fees is denied. Fitworks Holdings, L.L.C. v. Pitchford-El, Cuyahoga App. No. 88634, 2007-Ohio-2517, citing Pisani v. Pisani (1995),101 Ohio App.3d 83, 654 N.E.2d 1355. The doctrine of statutory construction, expressio unius est exclusio alterius, would imply that a hearing is not required when an award of attorney fees is denied. Id. Thus, if the court decides not to award sanctions, it need not hold a hearing. Moreover, the determination whether a hearing should be held on such a motion is within the sound discretion of the trial court, and will not be reversed absent an abuse of discretion. Ohio Dept. of Adm.Serv. v. Robert P. Madison Internatl., Inc. (2000), 138 Ohio App.3d 388,399, 741 N.E.2d 551. An abuse of discretion connotes more than a mere error of law or judgment, instead requiring a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 8} Similarly, under Civ.R. 11, a court may award a party attorney fees and expenses if an opposing attorney filed a pleading or motion in violation of the rule. *Page 6 
The trial court's decision to impose sanctions pursuant to Civ.R. 11 also cannot be reversed absent an abuse of discretion. See State ex rel.Fant v. Sykes (1987), 29 Ohio St.3d 65, 505 N.E.2d 966.
 {¶ 9} Civ.R. 11 states that "every pleading, motion, or other document of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name * * *." The attorney's signature constitutes certification by the attorney of the following: (1) that he or she has read the pleading, motion, or document; (2) that to the best of the attorney's knowledge, information, or belief, the pleading, motion, or document is supported by good grounds; and (3) that the pleading, motion, or document is not interposed for delay. Civ.R. 11. Thus, the relevant inquiry is whether the attorney's actual intent or belief was of willful negligence. SeeCeol v. Zion Indus., Inc. (1992), 81 Ohio App.3d 286, 290,610 N.E.2d 1076.
 {¶ 10} In the instant case, Kimberly argues that her motion should have been granted because the divorce settlement agreement included a complete release between Kimberly and Jose, and his lawsuit was based upon facts which predated the release. Jose responded that his lawsuit was predicated on facts he discovered after he signed the release and attached numerous affidavits from witnesses, including his attorney, that supported his claim.
 {¶ 11} We find no basis for the imposition of sanctions. Kimberly fails to offer any evidence that the trial court's denial of her motion for sanctions constituted an *Page 7 
abuse of discretion. Even if the claims against her were frivolous, the court had discretion to deny the motion. See Papadelis v. Makris, Cuyahoga App. No. 84046, 2004-Ohio-4093. Moreover, there is nothing in the record to indicate that Jose's attorney acted in bad faith or participated in frivolous conduct.
 {¶ 12} Thus, the trial court did not err in failing to hold a hearing or in denying the motion for sanctions. The assignment of error is overruled.
 {¶ 13} Accordingly, judgment is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, JUDGE
JAMES J. SWEENEY, A.J., and FRANK D. CELEBREZZE, JR., J., CONCUR
[1] Kleinman and McDonald Hopkins are not parties to this appeal.
[2] Jose Lisboa v. Roger Kleinman, et al., Case No. 1:07-CV-707, was recently dismissed with prejudice by the United States District Court, Northern District of Ohio. The federal court also denied Kimberly's motion for sanctions, which was identical to the motion she filed in state court.
[3] Jose was detained and deported before he could voluntarily leave the country.
[4] We vacated the plea and sentence because the ten-year period of community control sanctions is contrary to law and therefore void. *Page 1