OPINION JUDGMENT ENTRY
{¶ 1} Plaintiff Joseph A. Pingue, Jr. appeals a judgment of the Court of Common Pleas of Delaware County, Ohio, which granted the motion of defendant Joseph A. Pingue, Sr., brought pursuant to Civ. R. 12(C). The trial court dismissed appellant's claims against appellee because it found the statute of limitations had run.
 {¶ 2} Appellant assigns four errors to the trial court:
 {¶ 3} "I. The trial court erred to the prejudice of plaintiff/appellant by granting appellee's motion for judgment on the pleadings.
 {¶ 4} "II. The trial court erred to the prejudice of plaintiff/appellant by failing to apply the "discovery rule" to the facts of this case, and by finding that the statute of limitations had run before plaintiff's injuries had manifested themselves.
 {¶ 5} "III. The trial court erred to the prejudice of plaintiff/appellant by failing to accept all allegations of the complaint as true, by failing to grant plaintiff all reasonable inferences from those facts, and by finding that it was beyond all doubt that plaintiff could prove no set of facts that would entitle him to relief.
 {¶ 6} "IV. The trial court erred to the prejudice of plaintiff/appellant by improperly considering facts outside of the pleadings, or, in the alternative, by converting defendant's motion for judgment on the pleadings to a motion to dismiss (or a motion for summary judgment), without giving all parties an opportunity, as required by Civ. R. 12, to present the evidence allowed by Civ. R. 56."
 {¶ 7} Appellee assigns two cross-assignments of error:
 {¶ 8} "I. Although it reached the correct result, the trial court erred by failing to dismiss plaintiff-appellant's battery and other claims pursuant to R.C. 2305.111.
 {¶ 9} "II. Although it reached the correct result, the trial court erred by applying a `discovery rule' in the dismissal of plaintiff-appellant's battery and other claims."
 {¶ 10} The trial court's judgment of November 12, 2003 sets forth the facts and procedure herein. This is an action for assault, intentional infliction of emotional distress, and unintentional infliction of emotional distress brought by appellant against his father. In the complaint, appellant alleges appellee physically abused appellant between the years of 1962 and 1990. Appellant alleges on March 12, 2002, his neurologist informed him he had suffered an irreversible brain injury and suffered from post-traumatic stress disorder. Appellant also learned he is at greater risk of contracting Parkinson's disease and Alzheimer's disease as a result of his brain injury.
 {¶ 11} The trial court found appellant's complaint was filed on March 6, 2003, which would be within the one-year statute of limitations for assault and battery if the discovery rule applies. Otherwise, appellant's complaint was filed well beyond the 1990 date.
 {¶ 12} The trial court found it must assume all facts alleged in the complaint to be true for purposes of deciding the motion. The court articulated the issue as being when the statute of limitations began to run in this case. Appellee asserted the statute began to run no later than 1990, the last date alleged in the complaint. Appellant urged he did not discover his injury until March 12, 2002, and for this reason, the statute should not begin to run until that date.
 {¶ 13} The court found ordinarily a cause of action accrues and the statute of limitations begins to run at the time the wrongful act is committed, but there is an exception to the general rule where a cause of action does not accrue until the plaintiff discovers, or in the exercise of reasonable care should have discovered, that he or she was injured by the wrongful conduct of the defendant, citing O'Stricker v. Jim WalterCorporation (1983), 4 Ohio St.3d 84, 4 OBR 335,447 N.E.2d 727.
 {¶ 14} The O'Stricker court described a two-prong test for courts to apply in determining when a cause of action accrues. The first prong is the discovery of the injury and the second is the discovery of the wrongful conduct. The court here found appellant knew he had been injured, and knew the identity of the person who injured him at least since 1990. The court found although appellant may not have understood the true extent of his injuries until March, 2002, this was not sufficient to toll the running of the statute of limitations.
 {¶ 15} Our standard of reviewing a trial court's judgment made pursuant to Civ. R. 12 is de novo, and we apply this same standard of review the trial court uses. Pursuant to Civ. R. 12 (C), a trial court must construe the material allegations in the complaint, and all reasonable inferences which may be drawn therefrom, in favor of the non-moving party as true, and nevertheless find the plaintiff could prove no set of facts in support of his claim that would entitle him to relief, State exrel. Midwest Price IV, Inc. v. Pontious (1996),75 Ohio St.3d 565. The court is limited to the pleadings filed in the case.
 I, II III {¶ 16} Each of these assignments of error concern appellant's argument his cause of action against his father had not accrued until March 12, 2002, when he discovered he had suffered an irreversible brain injury which he argues was caused by appellee.
 {¶ 17} Appellant concedes pursuant to R.C. 2305.111, a plaintiff must bring an action for assault or battery within one year after the cause of action accrues. The statute defines the time when the cause of action accrues as the later of either the date on which the assault or battery occurred, or, if the plaintiff did not know the identity of the person who committed the assault or battery, then the earlier of the date on which the plaintiff learns the identity of that person or the date on which, by the exercise of reasonable diligence, the plaintiff should have learned the identity of the person.
 {¶ 18} Appellant has also pleaded causes of action for intentional and unintentional infliction of emotional distress. In the case of Doe v. First United Methodist Church,68 Ohio St.3d 131, 1994-Ohio-531, the Ohio Supreme Court reviewed a situation where claims for emotional distress were joined with and flowing from the intentional tort. The court found claims for emotional distress are parasitic upon the intentional tort, and therefore subject to the same statute of limitations as the primary claim. The case of Ault v. Jasko, 70 Ohio St.3d 114,1994-Ohio-376, is instructive. In Ault, an adult daughter sued her father for sexual abuse that had occurred 17 years prior to the filing of the complaint. She alleged she had repressed memories of the abuse. The court found where a victim of childhood sexual abuse represses memories of the abuse until a later time; the one-year statute of limitations begins to run when the victim recalls or otherwise discovers the abuse, or when, in the exercise of reasonable diligence, the victim should have discovered the abuse.
 {¶ 19} The case at bar is not analogous. As the trial court found, appellant does not allege he suffers from repressed memory, and has known of the assault and the perpetrator at least since 1990, the last date alleged in his complaint. What appellant has recently discovered is not that he was injured, but rather the extent of his injuries.
 {¶ 20} Generally, an injured person's cause of action accrues when he knows of the injury, but he need not be aware of the extent of the injury. For example, in the case of Grooms v.Grooms (February 26, 1985), Franklin Appellate No. 84AP-773, the plaintiff brought suit alleging the defendant struck her in the face with great force and violence, causing her to sustain injuries to her mouth and teeth, and to become emotionally upset to the extent she required medical treatment some time later. The Franklin County Court of Appeals found if a discovery rule is applicable, the cause accrues when the plaintiff discovers her legal injury, even if she does not know the total extent of the injury. Other courts have made similar findings in other contexts, see Jones v. Hughey, Franklin App. No. 02AP-1005, 2003-Ohio-3184; Mankes v. North Ridgeville Schools (May 10, 2000), Lorain App. No. 1998-CA-007177.
 {¶ 21} We contrast this with our case of Colby v. TerminexInternational Company, LP (February 10, 1997), Stark App. No. 96-CA-0241. In Colby, the plaintiff alleged a serious reaction to pesticides applied at her workplace. She first noticed laryngitis in 1992, and consulted a doctor. The doctor informed her her symptoms could be caused by sensitivity to the chemicals used in the pesticides. Colby kept a diary, and underwent allergy testing. On January 21, 1993, her doctor made a provisional diagnosis of chemical sensitivity, and on March 8, 1993, gave a final diagnosis that her symptoms were caused by chemical sensitivity as a result of expose to pesticides in the workplace. This court discussed the discovery rule, and found while there may be events which alert a plaintiff to investigate, nevertheless suspicion is not sufficient to trigger the running of the statute of limitations according to the discovery rule.
 {¶ 22} This case provides an example of why courts have rejected discovery of the extent of injury as the trigger for the accrual for the cause of action. Appellant alleges he suffered an injury which may lead a progressive disease like Parkinson's or Alzheimer's disease in the future. If we were to adopt a discovery of the extent of injuries standard, how would an injured party know when his injury has progressed sufficiently to trigger the running of the statute of limitations?
 {¶ 23} We find the trial court correctly found the statute of limitations begins to run when the plaintiff knows both he has been injured, and the identity of the alleged perpetrator.
 {¶ 24} We find the trial court did not err in granting appellee's motion for judgment on the pleadings, and accordingly overrule the first assignment of error. We find the trial court properly applied the discovery rule to the facts of this case, and accordingly, the second assignment of error is overruled. Regarding the third assignment of error, we find the trial court correctly determined appellant could prove no set of facts which would entitle him to relief, and we overrule the third assignment of error.
 IV {¶ 25} Appellant argues the trial court erred by improperly considering facts outside the pleadings or, in the alternative, by converting appellee's motion for judgment on the pleadings to a motion to dismiss or motion for summary judgment without giving all parties the opportunity to present evidence on the issues. Appellant does not identify the extraneous material the trial court relied upon, and we find the court may examine the complaint, the answer, the counterclaim, and appellant's reply to the counterclaim in determining a motion for judgment on the pleading. The pleadings in this case demonstrate the statute of limitations has run on appellant's claim.
 {¶ 26} The fourth assignment of error is overruled.
 {¶ 27} Because of our disposition of appellant's assignments of error, we find appellee's cross-assignments of error are moot, see Harkai v. Scherba Industries, Medina App. No. 02CA0007, 2003-Ohio-366.
 {¶ 28} For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed. Costs to be split between appellant and appellee/cross-appellant.