OPINION
{¶ 1} Plaintiff-appellant/cross-appellee Joseph A. Pingue, Jr. appeals the September 22, 2006 Decision and Entry entered by the Delaware County Court of Common Pleas, granting attorney fees in favor of defendant-appellee/cross-appellant Joseph A. Pingue, Sr., in the amount of $33,605.58. Appellee cross-appeals the same judgment as the entry denied his request for attorney fees for the previous appeal and counterclaim.
 STATEMENT OF THE FACTS AND CASE {¶ 2} During a visit with a neurologist on March 12, 2002, Appellant learned he suffered from post-traumatic stress disorder and had suffered an irreversible brain injury. The neurologist informed Appellant he is at greater risk for Parkinson's Disease and Alzheimer's Disease as a result of the brain injury. On March 6, 2003, Appellant filed a Complaint in the Delaware County Court of Common Pleas, asserting causes of action for assault, intentional infliction of emotional distress, and an unintentional infliction of emotional distress. Appellant named Appellee, his father, as defendant and alleged Appellee had physically abused him between 1962, and 1990. On May 1, 2003, Appellee filed an Answer raising the affirmative defense the applicable statute of limitations had expired. Appellee also filed a counterclaim for defamation.
 {¶ 3} With the filing of his answer and counterclaim, Appellee propounded nineteen interrogatories and twenty requests for production upon Appellant. Appellant complied with Appellees' discovery, and thereafter propounded seventeen interrogatories and thirteen requests for production upon Appellee. Half of the interrogatories were explicitly geared toward the allegations Appellee asserted in his *Page 3 
counterclaim, and one-quarter of the interrogatories addressed information relevant to both the counterclaim and Appellant's complaint. Of the requests for production, one-quarter were directly and solely related to the counterclaim and approximately one-half were related to both the Complaint and counterclaim. The trial court conducted a pretrial on July 23, 2003. Appellee filed a Motion for Judgment on the Pleadings on August 13, 2003.
 {¶ 4} Appellant filed a timely memorandum in opposition, to which Appellee filed a reply. Via Entry filed November 12, 2003, the trial court granted Appellee's motion and dismissed Appellant's case. The entry noted the case would continue as to Appellee's counterclaim for defamation. Appellant filed a timely Notice of Appeal to this Court, which affirmed the decision of the trial court. Pingue v. Pingue, Delaware App. No. 03-CA-E-12070, 2004-Ohio-4173. The Ohio Supreme Court declined jurisdiction.
 {¶ 5} On April 26, 2005, Appellee filed a Motion for Sanctions and Request for Hearing. Therein, Appellee sought attorney fees against Appellant and Appellant's counsel pursuant to Civ. R. 11 and R.C.2323.51. Appellee also filed a Motion to Reactivate Case in order to pursue his counterclaim. Appellant filed memoranda in opposition to both motions. Via Agreed Judgment Entry filed June 29, 2005, the trial court set a scheduling order, which included discovery cut off dates, dispositive motion deadline, and a trial date. Appellee filed a Motion for Summary Judgment on his counterclaim, which the trial court denied via Judgment Entry filed May 8, 2006.
 {¶ 6} The trial court subsequently vacated the June 29, 2005 Judgment Entry, and scheduled a status conference to set new deadlines and discuss setting an oral *Page 4 
hearing on Appellee's motion for sanctions. The trial court conducted a hearing on the motion on May 24, 2006. Appellee presented evidence he incurred attorney fees in the amount of $58,820.76. Following the hearing, the trial court ordered the parties to file post-hearing briefs concerning their respective positions. On June 21, 2006, Appellee filed a Notice of Voluntary Dismissal of his counterclaim without prejudice.
 {¶ 7} Via Judgment Entry filed September 22, 2006, the trial court awarded Appellee attorney fees in the amount of $33,605.58. The trial court found Appellee could not recover fees incurred in pursuing his counterclaim or defending the appeal. The trial court found the fees that were awarded were warranted because Appellant's action constituted frivolous conduct.
 {¶ 8} It is from this judgment entry Appellant appeals, raising the following assignments of error:
 {¶ 9} "I. THE TRIAL COURT ERRED IN HOLDING AS A MATTER OF LAW THAT PLAINTIFF'S "ENTIRE ACTION WAS FRIVOLOUS", AS PLAINTIFF'S CLAIMS WERE SUPPORTED BY A GOOD FAITH ARGUMENT FOR AN EXTENSION, MODIFICATION, OR REVERSAL OF EXISTING LAW OR FOR THE ESTABLISHMENT OF NEW LAW, AND BECAUSE PLAINTIFF'S CONDUCT DID NOT OTHERWISE FALL WITHIN THE FOUR GROUNDS OF R.C. 2323.51 (2)(A).
 {¶ 10} "II. THE TRIAL COURT ERRED AND COMMITTED AN ABUSE OF ITS DISCRETION BY AWARDING DEFENDANT ATTORNEY FEES AND EXPENSES FOR LEGAL SERVICES THAT WERE RELATED TO DEFENDANT'S COUNTERCLAIM WHEN: (1) DEFENDANT DID NOT MOVE FOR SUCH FEES, (2) DEFENDANT SPECIFICALLY SAID HE WAS NOT SEEKING FEES FOR THOSE *Page 5 
SERVICES, (3) DEFENDANT DEDUCTED THOSE FEES FROM THE BILLS HE PRESENTED TO THE COURT IN EVIDENCE, AND, FURTHER, WHERE THE COURT SPECIFICALLY HELD "THE FEES INCURRED IN PURSUING THE COUNTERCLAIM ARE NOT RECECOVERABLE, "BUT THEN AWARDED SUCH FEES.
 {¶ 11} "III. THE TRIAL COURT ERRED AND COMMITTED AN ABUSE OF ITS DISCRETION BY AWARDING DEFENDANT ATTORNEY FEES AND EXPENSES FOR LEGAL SERVICES WHERE DEFENDANT FAILED TO MEET HIS BURDEN OF PROOF REGARDING WHICH FEES AND EXPENSES "WERE INCURRED AS A DIRECT AND IDENTIFIABLE RESULT OF DEFENDING THE FRIVOLOUS CONDUCT IN PARTICULAR.
 {¶ 12} "IV. THE TRIAL COURT ERRED BY AWARDING SANCTIONS TO DEFENDANT FOR PLAINTIFF'S NON-FRIVOLOUS CONDUCT RELATING TO HIS DEFENSE AGAINST DEFENDANT'S AGGRESSIVE PURSUIT OF HIS COUNTERCLAIM WHEN THAT AWARD WAS BASED ON FACTUAL FINDINGS THAT ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 13} Appellee cross-appeals, raising as error:
 {¶ 14} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION IN FAILING TO GRANT CROSS APPELLANT ALL REASONABLE ATTORNEY'S FEES AND COSTS BASED UPON JUNIOR'S FRIVOLOUS CONDUCT.
 {¶ 15} "II. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR IN FAILING TO IMPOSE SANCTIONS AGAINST APPELLANT'S ATTORNEY." *Page 6 
 APPEAL I, III, IV {¶ 16} Because Appellant's first, third, and fourth assignments of error are interrelated, we shall address said assignments of error together. In his first assignment of error, Appellant maintains the trial court erred in finding his entire action to be frivolous because his claims were supported by a good faith argument for an extension, modification, or reversal for existing law or for the establishment of new law, and because Appellant's conduct did not otherwise fall within the four grounds set forth in R.C. 2323.51 (2)(a).
 {¶ 17} In his third assignment of error, Appellant contends the trial court erred and abused its discretion in awarding attorney fees and legal expenses to Appellee as Appellee failed to satisfy his burden of proof regarding which fees and expenses were incurred as a direct and identifiable result of defending the alleged frivolous complaint.
 {¶ 18} In his fourth assignment of error, Appellant argues the trial court erred in sanctioning him upon an erroneous finding he "engaged in a series of motions, discoveries, request for documents, interrogatories and other procedure that made the trial court process time consuming and expensive."
 {¶ 19} R.C. 2323.51 grants a trial court the authority to award court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with the civil action or appeal to any party to the civil action or appeal, who was adversely affected by frivolous conduct. "Frivolous conduct", as defined in R.C. 2323.51(A)(2), includes conduct which "serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation", R.C. *Page 7 2323.51(A)(2)(a)(i), or conduct "* * * not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law", R.C. 2323.51
(A)(2)(a)(ii).
 {¶ 20} The question of what constitutes frivolous conduct may be either a factual determination, or a legal determination. Wiltberger v.Davis (1996), 110 Ohio App.3d 46. A determination conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law requires a legal analysis. Lable Co. v. Flowers (1995),104 Ohio App.3d 227, 233. With respect to purely legal issues, we follow a de novo standard of review and need not defer to the judgment of the trial court. Wiltberger, supra, at 51-52. However, we do find some degree of deference appropriate in reviewing a trial court's factual determinations and will not disturb such factual determinations where the record contains competent, credible evidence to support such findings. Id.
 {¶ 21} Where a trial court has found the existence of frivolous conduct, the decision whether or not to assess a penalty lies within the sound discretion of the trial court. Id. at 52. Abuse of discretion requires more than simply an error of law or judgment, implying instead that the court's attitude is unreasonable, arbitrary or unconscionable.Tracy v. Merrell-Dow Pharmaceuticals, Inc. (1991), 58 Ohio St.3d 147,152. Furthermore, R.C. 2323.51 employs an objective standard in determining whether sanctions may be imposed against either counsel or a party for frivolous conduct. Stone v. House of Day Funeral Serv.,Inc. (2000), 140 Ohio App.3d 713. *Page 8 
 {¶ 22} In its September 22, 2006 Decision and Entry awarding attorneys fees, the trial court found as a matter of law Appellant's entire action was frivolous. A reading of the decision and entry reveals the trial court determined Appellant's conduct was frivolous not only because the claim was not warranted under existing law and could not be supported by good faith argument for an extension, modification, or reversal of existing law, or the establishment of a new law, but also the conduct was merely to harass Appellee. After concluding the entire action was frivolous, the trial court analyzed whether Appellee proved actual damages. In so finding, the trial court stated:
 {¶ 23} "This court finds Defendant has proven that he has incurred attorneys fees as a direct result of the filing of this action and the way it was prosecuted at the trial level. In discussions with counsel the court suggested that the issue of the statue of limitations could be bifurcated, argued, and appealed. This would have substantially reduced Defendant's attorneys fees, yet would not have impaired Plaintiff's ability to present the discovery issue to the Court of Appeals as a matter of law. Plaintiff refused to bifurcate, and insisted on discovery which was long and expensive. It was almost as if, win or lose, Plaintiff was going to make Defendant spend a lot of money." September 22, 2006 Decision and Entry at 7-8.
 {¶ 24} The trial court proceeded to determine the appropriate amount of fees, noting:
 {¶ 25} "The court finds that Defendant has proven all of the relevant criteria such as the time required, the fee customarily charges, and so forth. The court finds that Defendant has proven by clear and convincing evidence that he has incurred attorneys *Page 9 
fees in the sum of $58,820.76. The court further finds that Defendant has proven attorneys fees for some services that may not be recompensable.
 {¶ 26} "The fees incurred in pursuing the counterclaim are not recoverable.
 {¶ 27} "The fees incurred on appeal are not recoverable. This court does not have the authority to award attorneys fees incurred on appeal. Those fees are within the province of the Court of Appeals, but even if they were not, this court would not allow the fees. Presenting the issue of the discovery rule in assault cases to the Court of Appeals is part of the procedure by which the law is changed and advanced. Had Plaintiff presented the issue to this court on a simple judgment on the pleadings procedure so as to get it to the Court of Appeals as expeditiously and inexpensively as possible, attorneys fees would not be granted. But Plaintiff did not. Plaintiff engaged a series of motions, discovery, requests for documents, interrogatories and other procedures that made the trial court process time consuming and expensive." Id. at 8-9.
 {¶ 28} We find the trial court's judgment to be inconsistent. The trial court initially found Appellant did not have a good faith argument for an extension, modification, or reversal of existing law, or for the establishment of a new law. However, later the trial court subsequently notes part of the procedure by which the law is changed and advanced is through the presentation of an issue to the Court of Appeals and it would not have awarded attorney fees had Plaintiff expedited the presentation of the legal issue involving the discovery rule. Recognizing changes and advancements in the law only occur at the appellate level, yet simultaneously finding the entire action frivolous because the law is already well established appears incongruous. The only way to create change is to initiate change. In the legal arena, this requires the initiation of an *Page 10 
action by filing a complaint in the trial court even though the change may eventually occur at the appellate level.
 {¶ 29} The trial court commented Appellant should have presented the issue on a simple judgment on the pleadings procedure in order to get the matter before the Court of Appeals as expeditiously and inexpensively as possible. To blame Appellant for failing to file a motion for judgment on the pleadings, which could have been done by either party, and which was, in fact, filed by Appellee five months after the filing of the Complaint, belies the trial court's holding Appellant solely responsible for not getting the issue to the Court of Appeals earlier.
 {¶ 30} "Whether a claim is warranted under existing law is an objective consideration. The test * * * is whether no reasonable lawyer would have brought the action in light of the existing law. In other words, a claim is frivolous if it is absolutely clear under the existing law that no reasonable lawyer could argue the claim." Riston v.Butler, 149 Ohio App.3d 390, 2002-Ohio-2308, at ¶ 30, quotingHickman v. Murray (Mar. 22, 1996), Montgomery App. No. 15030 (citations omitted). Courts should apply R.C. 2323.51 "carefully so that legitimate claims are not chilled. A party is not frivolous merely because a claim is not well-grounded in fact. Furthermore, the statute was not intended to punish mere misjudgment or tactical error. Instead the statute was designed to chill egregious, overzealous, unjustifiable, and frivolous action." Id. at ¶ 29. We cannot conclude no reasonable lawyer would have brought Appellant's action in light of the existing law, even though we upheld the trial court's grant of judgment on the pleadings in the previous appeal. *Page 11 
 {¶ 31} The trial court also implicitly found Appellant's conduct to be frivolous as such was merely to harass Appellee. Following this Court's affirmance of the trial court's decision granting Appellee's motion for judgment on the pleadings, the matter returned to the trial court solely on Appellee's counterclaim. Appellee himself filed a motion to reactivate the case and filed a motion for summary judgment on the counterclaim. Although Appellee was ordered by the court to produce all outstanding discovery requested by Appellant at the commencement of the action, such would not have been necessary if Appellee had not continued to pursue the counterclaim. We find Appellant's discovery was related, in part, to the counterclaim, which remained pending during the previous appeal and after this Court affirmed the trial court's granting Appellee's motion for judgment on the pleadings. Appellee continued to pursue his counterclaim, which was not dismissed until June 21, 2006, almost two years after the date this Court's issued its opinion in the first appeal. The trial court itself had set deadlines and discovery cutoff dates relative to the counterclaim. We do not find Appellant's actions were dilatory nor to merely harass Appellee.
 {¶ 32} Appellant's first, third, and fourth assignments of error are well taken, and sustained.
 II {¶ 33} Based upon our disposition of Appellant's first, third, and fourth assignments of error, we find Appellant's second assignment of error to be moot.
 CROSS APPEAL I, II {¶ 34} In light of our disposition of Appellant's appeal, we overrule both of Appellee's cross-assignments of error as moot. *Page 12 
 {¶ 35} The judgment of the Delaware County Court of Common Pleas is reversed.
By: Hoffman, J. and Delaney, J. concur; Gwin, P.J. dissents.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Court of Common Pleas is reversed. Costs assessed to Appellee. *Page 13