[Cite as *Miller v. Miller*, 2012-Ohio-2905.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| PAUL W. MILLER, ET AL. | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellees | Hon. William B. Hoffman, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | |
| | Case No. 11CA020 |
| ATLEE J. MILLER, ET AL. | |
| Defendant-Appellants | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Holmes County Court of
                            Common Pleas Court, Case No. 09CV094

JUDGMENT:                   Affirmed

DATE OF JUDGMENT ENTRY:     June 26, 2012

APPEARANCES:

For Plaintiff-Appellees            For Defendant-Appellants

GRANT A. MASON                     CRAIG T. CONLEY
CHRISTINA I. SMITH                 604 Huntington Plaza
Miller, Mast, Mason & Bowling Ltd. 220 Market Avenue South
The Lincoln Bulding                Canton, Ohio 44702
88 S. Monroe Street
Millersburg, Ohio 44654

*Hoffman, J.*

{¶1} Defendants-appellants Atlee J. Miller, et al. appeal the November 2, 2011 Judgment Entry entered by the Holmes County Court of Common Pleas, which denied their motion for frivolous conduct sanctions against plaintiffs-appellees Paul W. Miller, Kimberly Miller, and Miller, Mast, Mason & Bowling, Ltd.

STATEMENT OF THE FACTS AND CASE

{¶2} The instant appeal surrounds a line fence/tree line (hereinafter "disputed line") which separates the properties owned by the parties herein. Appellants Atlee Miller, Viola Miller, and James Miller are the current owners of the property located on the north side of the disputed line. Appellants Atlee and Viola Miller acquired their property in 1966. Appellant James Miller acquired a life interest in the property in 1996. Appellees Paul and Kimberly Miller own the parcel of property located on the south side of the disputed line. In January, 2001, Appellees acquired their property which had been owned by Appellee Paul Miller's parents, Raymond and Esther Miller, since 1974.

{¶3} On June 9, 2009, after a land survey included the disputed line in the legal description of Appellants' property, Appellees Paul and Kimberly Miller brought the instant action asserting ownership of the disputed line under the legal theories of adverse possession and acquiescence. Appellee Miller, Mast, Mason & Bowling, Ltd. served as legal counsel for Appellees Miller throughout the trial proceedings.

{¶4} The trial court conducted a preliminary injunction hearing on June 29, 2009. Testimony at the hearing revealed the disputed line has been in place since 1952. In an affidavit presented to the court, Raymond Miller averred the disputed line had not changed since 1974, when he purchased the property. Raymond Miller also

stated Appellant Atlee Miller and his sons maintained the disputed line, and both neighbors farmed as close as possible to the disputed line without going over it. The trial court granted preliminary injunction to Appellees via Judgment Entry filed July 6, 2009. Thereafter, Appellants filed an answer and counterclaim. The matter proceeded through an extensive discovery process.

{¶5} Appellants filed a motion for summary judgment on February 23, 2011. On April 4, 2011, Appellees voluntarily dismissed without prejudice their adverse possession claim. Appellants filed an Amended Motion for Summary Judgment and/or Motion for Judgment on the Pleadings. Via Journal Entry filed May 5, 2011, the trial court denied Appellants' motion for summary judgment, finding there were definite factual issues which needed to be litigated. The matter proceeded to jury trial on June 13, 2011. On the day of trial, Appellants voluntarily dismissed without prejudice their counterclaim. After hearing all the evidence and deliberating, the jury found in favor of Appellants.

{¶6} Appellant filed a motion for frivolous conduct sanctions on June 18, 2011, which the trial court denied via Judgment Entry filed November 2, 2011. It is from this judgment entry Appellants appeal, assigning as error:

{¶7} "I. THE TRIAL COURT ERRED IN ITS DENIAL OF DEFENDANT'S/APPELLANTS' MOTION FOR FRIVOLOUS CONDUCT SANCTIONS."

I

{¶8} Herein, Appellants challenge the trial court's conclusion Appellees "had filed a good faith complaint." Appellants submit such finding was erroneous as the Complaint was predicated upon material falsehoods and false testimony.

{¶9} R.C. 2323.51 provides a court may award court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with the civil action or appeal to any party to the civil action or appeal who was adversely affected by frivolous conduct. R.C. 2323.51(A)(2)(a) defines "frivolous conduct" as follows:

{¶10} "(i) * * * [conduct that] serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

{¶11} "(ii) * * * [conduct that] is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.

{¶12} "(iii) * * * [conduct that] consists of allegations or other factual contentions that have no evidentiary support or, if specifically identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."

{¶13} A motion for sanctions brought under R.C. 2323.51 requires a three-step analysis by the trial court. The trial court must determine (1) whether the party engaged in frivolous conduct, (2) if the conduct was frivolous, whether any party was adversely affected by it and (3) if an award is to be made, the amount of the award. R.C. 2323.51(B)(2)(a). The question of what constitutes frivolous conduct may be either a factual determination, or a legal determination. *Pingue v. Pingue,* Delaware App. No. 06-CAE-10-0077, 2007-Ohio-4818, ¶ 20 citing *Wiltberger v. Davis* (1996), 110 Ohio App.3d 46, 673 N.E.2d 628. A determination that the conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension,

modification, or reversal of existing law requires a legal analysis. *Lable & Co. v. Flowers* (1995), 104 Ohio App.3d 227, 233, 661 N.E.2d 782. With respect to purely legal issues, we follow a de novo standard of review and need not defer to the judgment of the trial court. *Wiltberger,* supra, at 51-52, 673 N.E.2d 628. However, we do find some degree of deference appropriate in reviewing a trial court's factual determinations and will not disturb such factual determinations where the record contains competent, credible evidence to support such findings. *Id.*

{¶14} In determining whether conduct is frivolous, the courts must be careful to apply the statute so that legitimate claims are not chilled. *Beaver Excavating Co. v. Perry Twp.* (1992), 79 Ohio App.3d 148, 606 N.E.2d 1067. The statute was designed to chill egregious, overzealous, unjustifiable and frivolous action. *Oakley v. Nolan,* Athens App. No. 06CA36, 2007-Ohio-4794, ¶ 16 citing *Turowski v. Johnson* (1990), 68 Ohio App.3d 704, 706, 589 N.E.2d 462. "Whether a claim is warranted under existing law is an objective consideration. The test * * * is whether no reasonable lawyer would have brought the action in light of the existing law. In other words, a claim is frivolous if it is absolutely clear under the existing law that no reasonable lawyer could argue the claim." *Pingue,* supra, citing *Riston v. Butler,* 149 Ohio App.3d 390, 777 N.E.2d 857, 2002-Ohio-2308, at ¶ 30, quoting *Hickman v. Murray* (Mar. 22, 1996), Montgomery App. No. 15030 (citations omitted).

{¶15} In their Complaint, Appellees claimed the right to the disputed line under the law of acquiescence.

{¶16} " * * * The doctrine of acquiescence is applied in instances when adjoining land owners occupy their respective properties up to a certain line and mutually

recognize and treat that line as if it is the boundary that separates their properties. See *Robinson v. Armstrong,* Guernsey App. No. 03CA12, 2004–Ohio–1463, at ¶ 35; *McConachie v. Meeks* (Sep. 21, 1999), Richland App. No. 98CA90; *Turpen v. O'Dell* (Oct. 14, 1998), Washington App. No. 97CA2300. Acquiescence rests on the practical reality that oftentimes, the true boundary line location is uncertain and neighbors may themselves establish boundaries. *Richardson v. Winegardner* (Nov. 2, 1999), Allen App. No. 1–99–56. To apply this doctrine: (1) adjoining landowners must treat a specific line as the boundary; and (2) the line must be so treated for a period of years, usually the period required for adverse possession. *Robinson,* supra at ¶ 35; *Matheson v. Morog* (Feb. 2, 2001), Erie App. No. E–00–17; *McGregor v. Hanson* (Jun. 16, 2000), Geauga App. No. 99–G–2228." *Burkitt v. Shepherd*, Pike App. No. 05CA754, 2006–Ohio–3673, at ¶ 15.

**{¶17}** On Verdict Form No. 1, the jury answered the following interrogatory in the negative: "Do you find by clear and convincing evidence that [Appellees] and their predecessors and [Appellants] and their predecessors established the fence line/tree line as the boundary between the two properties?"[1] We find the fact the jury did not find there was clear and convincing evidence the parties had established the disputed line as the boundary between their properties does not automatically necessitate a finding Appellees' action in bringing the suit was frivolous. Appellees presented evidence which, if believed, supported their claim. The jury merely found Appellees' evidence did not rise to the level of clear and convincing.

---

[1] On the verdict form, the words "property line" are handwritten between the words "the" and "boundary".

{¶18} R.C. 2323.51 does not purport to punish a party for raising an unsuccessful claim. Rather, it addresses conduct that serves to harass or maliciously injure the opposing party in a civil action or is unwarranted under existing law and for which no good faith argument for extension, modification, or reversal of existing law may be maintained. *Independent Taxicab Assoc. of Columbus, Inc. v. Abate,* Franklin App. No. 08AP-44, 2008-Ohio-4070, ¶ 22; *Ferron v. Video Professor, Inc.,* Delaware App. No. 08-CAE-09-0055, 2009-Ohio-3133, ¶ 44. We find the record before us is devoid of any evidence Appellees' conduct was meant to harass or maliciously injure Appellants or was unwarranted under existing law. The fact Appellees may have offered contradictory or inconsistent evidence regarding their use of their property does not necessarily equate or mandate a finding of frivolous conduct. After reviewing Appellants' arguments based upon the Exhibits presented at trial and the testimonial evidence as to the actual use of the disputed property we do not find the trial court abused its discretion in denying Appellants' motion for sanctions.

{¶19} Appellants' sole assignment of error is overruled.

{¶20} The judgment of the Holmes County Court of Common Pleas is affirmed.

By: Hoffman, J.

Delaney, P.J. and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN

s/ Patricia A. Delaney _____
HON. PATRICIA A. DELANEY

s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| PAUL W. MILLER, ET AL. | : | |
| | : | |
| Plaintiff-Appellees | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ATLEE J. MILLER, ET AL. | : | |
| | : | |
| Defendant-Appellants | : | Case No. 11CA020 |

For the reasons stated in our accompanying Opinion, The judgment of the Holmes County Court of Common Pleas is affirmed. Costs to Appellants.

s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN

s/ Patricia A. Delaney
HON. PATRICIA A. DELANEY

s/ Julie A. Edwards
HON. JULIE A. EDWARDS