[Cite as *Cleveland v. Abrams*, 2012-Ohio-3957.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97814**

# CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

# IAN J. ABRAMS, ET AL.

DEFENDANTS-APPELLANTS

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cleveland Municipal Court
Case No. 06 CVH 11526

**BEFORE:** S. Gallagher, J., Jones, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** August 30, 2012

**ATTORNEY FOR APPELLANT**

Paul M. Greenberger
Berns, Ockner & Greenberger
3733 Park East Drive
Suite 200
Beachwood, OH   44122-4334


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Interim Director of Law
City of Cleveland

By: Patricia McGinty
        William H. Armstrong, Jr.
Assistant Directors of Law
Room 106
601 Lakeside Avenue
Cleveland, OH    44114-1077

**Also listed:**
**For The Scrap Yard, LLC**

Diane A. Calta
Joseph W. Diemert, Jr.
Joseph W. Diemert, Jr. & Associates
1360 SOM Center Road
Cleveland, OH   44124

SEAN C. GALLAGHER, J.:

{¶1} Appellant, Ian J. Abrams, appeals the decision of the Cleveland Municipal Court, Housing Division that denied his motion for sanctions for frivolous conduct under R.C. 2323.51. For the reasons stated herein, we affirm.

{¶2} We shall set forth a cursory review of the history of this action. Further details can be found in this court's prior decisions on appeal, *Cleveland v. Abrams*, 8th Dist. Nos. 89904 and 89929, 2008-Ohio-4589 ("*Abrams I*"), and *Cleveland v. Abrams*, 8th Dist. Nos. 92843 and 92844, 2010-Ohio-662 ("*Abrams II*").

{¶3} The city of Cleveland ("the City") initiated this action against the Scrap Yard, LLC ("Cleveland Scrap") and Abrams, its then owner, alleging various zoning code violations. The City sought a preliminary and permanent injunction against operations at the property. The trial court granted a preliminary injunction against Cleveland Scrap and later found Cleveland Scrap in contempt of the order and imposed sanctions.

{¶4} In *Abrams I*, this court reversed the contempt and invalidated the preliminary injunction. The court found that the preliminary injunction order was vague and unclear, that the use of the property as a scrap yard was a prior nonconforming use, that the 1929 city code authorized the extension of use of the lower parcel as a scrap yard to the upper parcel, that variances had been approved for the property, and that neither the upper nor lower parcel was subject to aesthetic screening requirements or junk pile height limitations. *Id.* The case was remanded to the trial court for a hearing, and the court

was instructed to "further review the legal merits underlying the first preliminary injunction order." *Id.* There was a dissenting opinion that recognized that Abrams himself had taken actions consistent with the City's interpretation and enforcement of its zoning law. *Id.* at ¶ 69-71, Stewart, J., dissenting. We note that the decision in *Abrams I* was released on September 11, 2008. The Ohio Supreme Court declined review. *Cleveland v. Abrams*, 120 Ohio St.3d 1508, 2009-Ohio-361, 900 N.E.2d 624.

{¶5} While *Abrams I* was pending in this court, the trial court proceeded to hold a trial on the merits of the request for a permanent injunction on August 12 through 15, 2008. At that time, the parties did not have the benefit of *Abrams I*; however, the trial court's decision was issued after the decision in *Abrams I*. The trial court found that the defendants were in violation of the City's zoning code and granted the permanent injunction and other relief.

{¶6} On appeal in *Abrams II*, 8th Dist. Nos. 92843 and 92844, 2010-Ohio-662, this court reversed the ruling on the permanent injunction and entered judgment in favor of Cleveland Scrap and Abrams. This court recognized that

> this is an unusual case because during this court's exercise of jurisdiction over the contempt appeal, a previous panel ultimately resolved matters pertaining to the use of the property, applicable ordinances, and any requirement for a certificate of occupancy that were also before the housing court with regard to the permanent injunction.

Id. at ¶ 15. Although we recognized that testimony and documentary evidence had been presented to the trial court on the merits of the permanent injunction, we found that the evidence was not "substantially different" from the evidence that was before this court in

*Abrams I* for purposes of determining the use of the property as a prior legal nonconforming use. *Abrams II* at ¶ 20. Ultimately, this court found that the doctrine of law of the case applied and reversed the decision of the trial court. *Id.* at ¶ 25-27. The Ohio Supreme Court declined review on September 29, 2010. *Cleveland v. Abrams*, 126 Ohio St.3d 1582, 2010-Ohio-4542, 934 N.E.2d 355.

{¶7} On October 21, 2010, Abrams filed a motion for sanctions for frivolous conduct pursuant to R.C. 2323.51. After further briefing on the matter, the trial court denied the motion in a detailed opinion journalized on December 15, 2011. The trial court found in part:

> The City of Cleveland brought this action based on its interpretation of the Cleveland Zoning Code as it applied to land owned by Abrams that was the subject of various zoning decisions since 1940 as documented in City records. Abrams defended against the City's claim by arguing a different interpretation of the Zoning Code as it applied to those documents. The parties agreed that the use of the property for a scrap yard was a prior legal nonconforming, or "grandfathered" use. They disagreed on the boundary of the land that was approved for the scrap yard use, the City arguing for a smaller area, Abrams for a larger area. The City's conduct was frivolous only if its arguments on this issue had no support under existing law or a good faith argument for extension, modification, reversal or new law.
>
> The City's arguments did not lack support under this standard. The City argued that zoning documents from the 1940s granted a prior owner the right to use the subject land for a scrap yard but only within specific boundaries. Abrams took the contrary view that the authorizations did not limit the use to those boundaries. Existing case [sic] concerning zoning law in Ohio * * *[and] interpreting the Cleveland Zoning Code is not so overwhelming in favor of Abram's [sic] view that it can be said that the City's legal argument lacked all support. The language of the Cleveland Zoning code is not so clearly in support of Abram's [sic] view that it can be said that the City's legal argument lacked support.

**{¶8}** The trial court's opinion proceeds to address the fact that at the time the first appeal was taken in *Abrams I*, the City had not yet had the opportunity to fully address the zoning law issues or to rebut the evidence presented by Abrams concerning his grandfathering defense in the trial court. At the time the court issued the preliminary injunction, certain evidence had not been introduced and discovery was not completed. The trial court addressed the impact of the appellate decisions on the matters pending before the trial court. The court found that at worst the City's conduct amounted to strategic error. The court recognized that the City had a good faith legal argument under existing law and a good faith belief of prevailing over the grandfathering defense. The court concluded that the City did not engage in frivolous conduct and denied Abrams's motion for sanctions. The court further determined that the motion had been timely filed.

**{¶9}** Abrams filed this appeal, raising five assignments of error, all of which challenge the trial court's decision denying his motion for sanctions. We find no merit to his arguments.

**{¶10}** R.C. 2323.51(B)(1) provides in relevant part,

[A]t any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal.

"Frivolous conduct" under R.C. 2323.51 includes in relevant part:

(a) Conduct of * * * [a] party to a civil action * * * that satisfies any of the following:

(i) It obviously serves merely to harass or maliciously injure another party to the civil action * * * or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

**{¶11}** A trial court has sound discretion to determine whether to award sanctions under R.C. 2323.51, and its decision will not be reversed absent an abuse of discretion. *State ex rel. Striker v. Cline*, 130 Ohio St.3d 214, 2011-Ohio-5350, 957 N.E.2d 19, ¶ 10-11. To prove an abuse of discretion, appellant must establish that the decision was unreasonable, arbitrary, or unconscionable. *Id.* at ¶ 11.

**{¶12}** Initially, we recognize that the trial court did not hold a hearing on the motion for sanctions. Ordinarily, a trial court is not required to hold a hearing if it denies a motion for attorney fees under R.C. 2323.51. *Bikkani v. Lee*, 8th Dist. No. 89312, 2008-Ohio-3130, ¶ 31. Indeed, the statute does not mandate a hearing when a motion is denied. While a trial court may not arbitrarily deny such a motion, *id.* at ¶ 31, "there may be some circumstances in which a hearing is not required, as where the court has

sufficient knowledge of the circumstances for the denial of the requested relief and the hearing would be perfunctory, meaningless or redundant." *Pisani v. Pisani*, 101 Ohio App.3d 83, 88, 654 N.E.2d 1355 (8th Dist.1995). Thus, a hearing is not required when the court determines, upon consideration of the motion and in its discretion, that it lacks merit. *Id.* However, where the record contains substantial evidence that frivolous conduct may have occurred, the trial court errs when it does not hold a hearing. *Poindexter v. Grantham*, 8th Dist. No. 95825, 2011-Ohio-1576, ¶ 18.

{¶13} The record in this case reflects that the trial court was well aware of the circumstances of the case, the matter was fully briefed by the parties, and the trial court denied the motion upon thorough consideration of the matter. Furthermore, the record lacks substantial evidence of frivolous conduct. Accordingly, a hearing was not required in this matter.

{¶14} Abrams raises numerous arguments in support of his claim of frivolous conduct, including among others, that the City's claim that a certificate of occupancy was required was baseless; the City's pursuit of a preliminary injunction against auto wrecking without a license was frivolous and its allegations of auto wrecking lacked evidentiary support; the City's claims cannot be supported by a good faith argument for the establishment of new law; the City's pursuit of injunctive relief against scrap processing without a license, while at the same time withholding notification to Abrams of the prelitigation denial of his scrap metal processing license application, was done to harass or maliciously injure Abrams or for another improper purpose; there was no evidentiary

support to overcome the fact that the property was exempt from the imposition of the scrap-pile height limitation; the City pursued the same legal arguments on the same facts presented at the preliminary injunction hearing; and the trial court committed reversible error in its decision to deny an award of sanctions. Abrams sums up his arguments as follows:

> Despite clear evidence in its own public records to the contrary, *Abrams I,* ¶ 53, its willful withholding of notification of license denial the administrative appeal of which would have permitted continued scrap metal processing without a license, and its patent mischaracterization of a variance as a COO ["certificate of occupancy"], the City initiated and pursued litigation to enjoin: i) the alleged outdoor expansion of the use of the Property for such scrap metal processing without an unnecessary COO, ii) scrap metal processing without obedience to aesthetic requirements against which the property was "grandfathered," iii) scrap metal processing without a license, the application for which the City had neither issued nor rejected for years, and iv) auto wrecking without an unnecessary COO and without having or seeking any evidence whatsoever thereof.

{¶15} The City initially contends that Abrams's motion was untimely. R.C. 2323.51(B)(1) provides:

> [A]t any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees,

and other reasonable expenses incurred in connection with the civil action or appeal.

The trial court specifically found that the motion was timely because it was filed within 30 days of the date the Ohio Supreme Court declined jurisdiction over an appeal from *Abrams II*. *See Cleveland v. Abrams*, 126 Ohio St.3d 1582, 2010-Ohio-4542, 934 N.E.2d 355. The City did not appeal this determination, and we need not address the issue herein. *See* App.R. 3(C) and R.C. 2505.22.

{¶16} The City argues that its claims were asserted in good faith and were supported by valid legal and factual bases at the time presented at trial. The City obtained a favorable ruling in the trial court on its preliminary injunction. In *Abrams I*, this court remanded the matter to the trial court for further proceedings, including review of the legal merits underlying the preliminary injunction order. Both parties conducted extensive discovery between the preliminary and permanent injunction hearings. At the time the matter proceeded to trial on the permanent injunction, *Abrams I* was still pending in this court. The parties proceeded to a trial on the merits of the permanent injunction in the trial court. The City asserts that its prosecution through to a permanent injunction trial on the merits did not give rise to sanctions for frivolous conduct.

{¶17} In determining whether conduct is frivolous under R.C. 2323.51, courts must be careful not to deter legitimate claims. *Miller v. Miller*, 5th Dist. No. 11CA020, 2012-Ohio-2905, ¶ 14. The statute is not intended to punish mere misjudgment or tactical error, but rather, it is designed to chill egregious, overzealous, unjustifiable, and frivolous action. *Hickman v. Murray*, 2d Dist. No. CA 15030, 1996 Ohio App. LEXIS

1028, *13 (Mar. 22, 1996). The test to determine whether a claim is frivolous is "whether no reasonable lawyer would have brought the action in light of the existing law." *Fornshell v. Roetzel & Andress, L.P.A.*, 8th Dist. Nos. 92132 and 92161, 2009-Ohio-2728, ¶ 69, quoting *Hickman*.

**{¶18}** Our review reflects that the City presented valid claims that were warranted under existing law. The parties contested the merits of the case and presented sound factual and legal arguments in support of their positions. Indeed, this was an unusual case in which the appellate court resolved issues that were still pending before the trial court. In both *Abrams I* and *Abrams II*, this court found that there were reasonable grounds for the appeal.

**{¶19}** Ordinarily, conduct is not frivolous merely because a claim is not well-grounded in fact or lacks evidentiary support. *See Fornshell* at ¶ 71; *State Auto Mut. Ins. Co. v. Tatone*, 2d Dist. No. 21753, 2007-Ohio-4726, *5. Moreover, "R.C. 2323.51 does not purport to punish a party for raising an unsuccessful claim." *Miller*, 5th Dist. No. 11CA020, 2012-Ohio-2905, at ¶ 18. Under the circumstances of this case, we cannot say that the trial court abused its discretion in finding the City did not engage in frivolous conduct and in denying Abrams's motion for sanctions.

**{¶20}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
KENNETH A. ROCCO, J., CONCUR