[Cite as *Stallworth v. Woods*, 2019-Ohio-2828.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

DANA STALLWORTH,                          :

    Plaintiff-Appellee,               :

    v.                                :

                              No. 107832

DOUG WOODS, ET AL.                        :

    Defendants-Appellants.            :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 11, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-16-860713

---

### *Appearances:*

Jason L. Carter, *for appellee.*

Ken Rubenstein, *for appellants.*


KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendants-appellants, Doug Woods ("Woods") and What A Lovely Home, L.L.C. ("WALH L.L.C.") (collectively "appellants"), appeal the trial court's decision denying their motions for sanctions filed against plaintiff-appellee, Dana Stallworth ("Stallworth") and her counsel, for (1) maintaining a frivolous action

and (2) engaging in vexatious conduct. For the reasons that following, we affirm the trial court's decision.

{¶ 2} The underlying lawsuit evolves from a 2014 landlord-tenant dispute where Woods d.b.a. What a Lovely Home ("WALH") initiated eviction proceedings against Stallworth in Garfield Heights Municipal Court.[1]  *See* Garfield Heights Municipal Court Case No. CVG 1402113. The eviction action was premised on an allegation that Stallworth was allowing an unauthorized person to live at the property and for property damage. The parties entered into an agreement whereby the eviction proceeding would be dismissed and Stallworth would voluntarily vacate the premises.

{¶ 3} Although an agreement was reached, Stallworth filed an action against Woods d.b.a. WALH in Garfield Heights Municipal Court for breach of contract and retaliatory eviction. *See* Garfield Heights Municipal Court Case No. CVF1402358. Woods d.b.a. WALH filed a counterclaim against Stallworth seeking money damages in the amount of $4,438.49 for unpaid rent, damage to the property, and unpaid utility bills. In September 2015, the case proceeded to trial where the court ruled in favor of Woods d.b.a. WALH on Stallworth's complaint, and also ruled in favor of Woods d.b.a. WALH on his counterclaim and entered

---

[1] WALH is not the same entity as WALH, L.L.C.  WALH is a fictitious name filed by Woods with the Ohio secretary of state.  WALH, L.L.C. is a registered company where Woods's mother is the registered agent.

judgment against Stallworth in the amount of $815.99 plus interest at the rate of 3% per annum from the date of judgment, and costs.

{¶ 4} Stallworth did not pay the judgment. In February 2016 and after collection efforts were unsuccessful, Woods, individually, initiated and obtained a garnishment against Stallworth's bank accounts. Although collection letters were sent to Stallworth's forwarding address, Woods served all garnishment notices, including the order of garnishment, to the rental address that Stallworth formerly rented from Woods; he was ultimately able to garnish $462 from Stallworth's bank account in March 2016.

{¶ 5} In an attempt to collect on the debt prior to seeking garnishment, Woods filed subpoenas to Stallworth's financial institutions. Interestingly, the subpoenas were filed in Cuyahoga C.P. No. CV-13-801757 where Woods, as plaintiff, brought suit against Bed Bath & Beyond, Inc.; Stallworth was not a party to this action. On February 23, 2016, the trial court issued an order quashing the subpoenas. The court noted that the case was "definitely closed" on April 22, 2014, but "beginning on 12/28/2015 and continuing to 02/08/16, [Woods] has issued multiple subpoenas under this case number commanding production of the personal financial records of an individual named Dana Stallworth. Ms. Stallworth was never a party to this closed case. Nevertheless, the subpoenas being this case number are captioned 'Doug Woods v. Dana Stallworth.'" The trial court quashed the subpoenas filed "in their entirety, as they were fraudulently issued." The court also noted that Woods "busied himself" in filing subpoenas in another case

assigned to another trial judge seeking financial records of another nonparty individual; the court referenced that case in its journal entry.

{¶ 6} On March 4, 2016, in response to the trial court's entry, Woods filed a "notice to quash subpoenas based on filing error." In the notice, Woods contended that the subpoenas were filed under the incorrect case number by an outside collection agency that he hired. Woods notified the court that Stallworth's personal financial records were not obtained under those subpoenas.

{¶ 7} On March 21, 2016, in response to the "fraudulently issued" subpoenas, Stallworth filed the instant lawsuit against appellants asserting causes of action for fraud, conversion, intentional infliction of emotional distress, and invasion of privacy; a first amended complaint was later filed in August 2016. In her complaint, Stallworth alleged that appellants knowingly filed subpoenas in a case where she was not a party that caused her harm. She further alleged that when the defendants filed a garnishment order in Garfield Heights Municipal Court, they knowingly sent the notice to the wrong address, even though the appellants had her correct forwarding address. She claimed that as a result of appellants' conduct, her personal funds were improperly garnished.

{¶ 8} Woods denied the allegations contained in Stallworth's complaint, contending that he had a valid judgment, WALH, L.L.C. was not a party to the garnishment action or any other action, that the issuing of the subpoenas was in error by the collection agency he hired, and no harm was suffered by Stallworth based on the misfiled subpoenas.

{¶ 9} On May 11, 2016, Woods d.b.a. WALH, L.L.C. filed a judgment lien against Stallworth in the Cuyahoga County Common Pleas Court, General Division, in the amount of $815.99. *See* trial exhibit No. 1-P-1 (Cuyahoga County Common Pleas Court, General Division, docket for Case No. JL-16-769196).

{¶ 10} In October 2017, a trial was conducted before a visiting judge, who entered judgment in favor of the appellants. Stallworth requested findings of fact and conclusions of law, and appellants moved for sanctions and an order declaring Stallworth a vexatious litigant. Prior to the visiting judge issuing his findings of fact and conclusions of law, the originally assigned judge of the case denied appellants' motions for sanctions against Stallworth and her counsel and also denied appellants' request for a vexatious-litigant declaration. Appellants appealed the denial of their motions to this court in *Stallworth v. Woods*, 8th Dist. Cuyahoga No. 106633, 2018-Ohio-3185 ("*Stallworth I*").

{¶ 11} In *Stallworth I*, this court found that the originally "assigned judge lacked all of the necessary evidence to determine whether an award of sanctions was appropriate or whether Stallworth is a vexatious litigant." *Id.* at ¶ 14. Accordingly, this court reversed the judgment and "remanded [the case] to the assigned judge for a determination on [appellants'] respective motions for sanctions and vexatious conduct, in light of the visiting judge's findings of fact and conclusions of law." *Id.* at ¶ 15.

{¶ 12} On October 1, 2018, the assigned judge, as ordered by this court's remand order, issued a journal entry again denying appellants' motions for sanctions and vexatious conduct against Stallworth. The court stated:

> In light of the visiting judge's findings of fact and conclusions of law, defendant What A Lovely Home, L.L.C.'s motion for sanctions and for plaintiff to be deemed a vexatious litigant filed 10/27/2017, and defendant Doug Woods's motion for sanctions and for plaintiff to be deemed a vexatious litigant, filed 10/27/17, are both denied.

{¶ 13} The trial court denied appellants' request for findings of fact and conclusions of law as it pertained to the denial of their motions for sanctions and vexatious conduct. Appellants now appeal, raising five assignments of error for our review.

## I. Judicial Determination

{¶ 14} In their first assignment of error, appellants contend that the trial court erred and abused its discretion by failing to have the motions for sanctions decided by the visiting judge who was the real trier of fact and still had jurisdiction over the case.

{¶ 15} In *Stallworth I*, this court specifically remanded the case for the "assigned judge" to determine appellants' motions for sanctions and vexatious conduct, "in light of the visiting judge's findings of fact and conclusions of law." *Id.* at ¶ 15. Accordingly, the assigned judge was operating under the remand order issued by this court; the assigned judge had no discretion. Any challenge to this court's judgment and remand order should have been appealed to the Ohio

Supreme Court. The appellants failed to seek an appeal; their assignment of error is overruled.

## II. Lack of Jurisdiction

{¶ 16} *Stallworth I* was released and journalized on August 9, 2018. On that same date, an automated administrative notice was generated on the Common Pleas Court of Cuyahoga County, General Division, docket advising:

> If applicable, and pursuant to App.R. 25 and 26, Loc.App.R. 26, and S.Ct.Prac.R. 7.01(A)(5) & (6), following entry of judgment, this case will remain with the court of appeals until 09/23/2018. If no other filing has tolled the time for appeal to the Ohio Supreme Court, the case will then be returned to the docket of the originating court by the administrative judge. No substantive action will be taken in this matter until the time for filing any post-judgment motion or appeal has expired and the case has been reinstated by the administrative judge.

{¶ 17} On October 1, 2018, the assigned judge, as ordered by this court's remand order, issued a journal entry again denying appellants' motions for sanctions and vexatious conduct against Stallworth. On October 9, 2018, appellants requested the trial court to issue findings of fact and conclusions of law as it pertained to the denial of their motions for sanctions and vexatious conduct. Later that same day, Administrative Judge John J. Russo issued the following notice:

> Captioned case being remanded to the court of common pleas by order of the court of appeals; this matter is hereby returned to the docket of Judge John P. O'Donnell (340). Administrative Judge John J[.] Russo[.] this entry taken by Judge John J[.] Russo. Notice issued.

{¶ 18} Appellants contend in their second assignment of error that the trial court erred and abused its discretion by denying the motions for sanctions prior to the matter being returned to its docket and reinstated by the administrative judge.

{¶ 19} At the outset, appellants cite no legal authority to support their second assignment of error that the trial court lacked jurisdiction or authority to carry out this court's directives in *Stallworth I.* For this reason alone, this court could overrule appellants' second assignment of error. *See* App.R. 12 and 16.

{¶ 20} Rather than cite to legal authority, the appellants rely on an automated, clerk-generated notice to the parties that no substantive action would be taken on the case until September 23, 2018 — when the time within which to bring an appeal to the Ohio Supreme Court expires and the administrative judge returns the case to the trial court's active docket. This automated blanket instruction, however, is noticeably not a judge-issued order. Moreover, App.R. 25, 26, and S.Ct.Prac.R. 7.01(A) do not provide for a stay of execution during the periods of time contemplated in those rules. Absent a motion to stay execution, an appeal, or other tolling motion filed by a party, an appellate mandate immediately confers jurisdiction upon the trial court to act in accordance with that mandate. *See generally State v. Moore*, 7th Dist. Mahoning No. 13 MA 60, 2014-Ohio-2525; *State v. Pippen*, 4th Dist. Scioto No. 12CA3526, 2013-Ohio-2239.

{¶ 21} Accordingly, our remand order in *Stallworth I* effectively reinstated the case back to the trial court and gave the trial court jurisdiction to carry out the

directive of the court of appeals and within that remand, a mandate was issued for the trial court to take immediate action.

{¶ 22} Finally, we note that at no time did appellants raise any objection or file a Civ.R. 60(B) motion with the trial court contending that it lacked jurisdiction to comply with this court's mandate in *Stallworth I* until after the administrative judge reinstated the case. Appellants sought for the trial court to issue findings of fact and conclusions of law after it denied their motions, but within which appellants did not raise the issue of jurisdiction at that time.

{¶ 23} Accordingly, the trial court acted within its jurisdiction when it carried out the directive of this court to consider appellants' motions for sanctions and declaration of vexatious litigant in light of the visiting judge's findings of fact and conclusions of law. Appellants's second assignment of error is overruled.

### III. Hearing

{¶ 24} Appellants contend in their third assignment of error that the trial court abused its discretion in failing to conduct a hearing on their motions for sanctions.

{¶ 25} This court's remand order expressly stated that the assigned judge was to consider appellants' motions for sanctions and declaration of a vexatious litigant in light of the visiting judge's findings of fact and conclusions of the law. The remand order did not direct the assigned judge to conduct a hearing. Moreover, in their motions for sanctions, appellants did not request a hearing. *See* Loc.R. 11(A) of the Cuyahoga County Common Pleas Court, General Division

("motions, in general, shall be submitted and determined upon the motion papers. Oral arguments of motions may be permitted on application and proper showing."). Accordingly, the assigned error could be deemed forfeited or waived.

{¶ 26} Nevertheless, R.C. 2323.51 does not require that a hearing be conducted to determine whether a particular action involves frivolous conduct, but does require that if attorney fees are to be ultimately awarded, then a hearing must be held in accordance with R.C. 2323.51(B)(2). In this case, the trial court determined the motion lacked merit by denying the motion; thus, there was no error. However, a court cannot arbitrarily deny a request for sanctions. An arbitrary denial occurs when (1) the record clearly evidences frivolous conduct and (2) the trial court nonetheless denies a motion for attorney fees without holding a hearing. *See, e.g., Bikkani v. Lee*, 8th Dist. Cuyahoga No. 89312, 2008-Ohio-3130, ¶ 31. In this case, appellants' motions for sanctions contained substantial amounts of documentary evidence, and the record in this case does not clearly evidence frivolous conduct. Moreover, this court has repeatedly held that a hearing is not required when the court has sufficient knowledge of the circumstances of the case to deny the motion. *See, e.g., Pisani v. Pisani*, 101 Ohio App.3d 83, 654 N.E.2d 1355 (8th Dist.1995).

{¶ 27} Based the assigned judge's familiarity of the parties and procedural history, consideration of the motions for summary judgment and to compel, the visiting judge's findings of fact and conclusions of law, which included a review the

entire court file, no hearing was required. Appellants' third assignment of error is overruled.

## IV. Vexatious Litigant Declaration

**{¶ 28}** Appellants contend in their fourth assignment of error that the trial court abused its discretion in denying their motion to declare Stallworth a vexatious litigant pursuant to R.C. 2323.52.

**{¶ 29}** R.C. 2323.52 unambiguously requires a party to commence a civil action, by filing a complaint or other pleading, to have the trial court declare a person a vexatious litigator. *See Whipps v. Ryan*, 10th Dist. Franklin Nos. 12AP-685 and 12 AP-722, 2013-Ohio-4382, ¶ 22.

**{¶ 30}** In this case, appellants filed a motion requesting the court to declare Stallworth a vexatious litigator. The filing of a motion in a pending case does not satisfy the requirements of R.C. 2323.52. Accordingly, the trial court did not abuse its discretion in denying appellants' motion to declare Stallworth a vexatious litigator. The fourth assignment of error is overruled.

## V. Motion for Sanctions

**{¶ 31}** In their fifth assignment of error, appellants contend that the trial court abused its discretion in denying their motions for sanctions pursuant to R.C. 2323.51(B)(1) and Civ.R. 11 for alleged frivolous conduct by Stallworth and her counsel.

**{¶ 32}** We will not reverse a court's decision on a motion for sanctions absent an abuse of discretion. *State ex rel. Fant v. Sykes*, 29 Ohio St.3d 65, 65,

505 N.E.2d 966 (1987). An abuse of discretion occurs when there is no sound reasoning process that would support the decision. *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 33} Civ.R. 11 allows for an aggrieved party to recover expenses and attorney fees for frivolous conduct. Civ.R. 11 governs the signing of pleadings, motions, and other documents and provides, in relevant part that

> The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served. For a willful violation of this rule, an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule. Similar action may be taken if scandalous or indecent matter is inserted.

{¶ 34} A motion for sanctions under R.C. 2323.51 requires a court to determine whether the challenged conduct constitutes frivolous conduct as defined in the statute, and, if so, whether any party has been adversely affected by the frivolous conduct. *Riston v. Butler*, 149 Ohio App.3d 390, 2002-Ohio-2308, 777 N.E.2d 857, ¶ 21 (1st Dist.). The statute defines frivolous conduct as conduct by a party to a civil action: (1) that serves merely to harass or maliciously injure another party to the action or is used for another improper purpose; (2) that is not warranted under existing law and cannot be supported by a good faith argument

for a modification or establishment of new law; (3) that consists of allegations or other factual contentions that have no evidentiary support; or (4) that consists of denials or factual contentions that are not warranted by the evidence. *Radvansky v. W. & S. Fin. Group*, 1st Dist. Hamilton No. C-070470, 2008-Ohio-4472, ¶ 20.

{¶ 35} The statute was designed to chill egregious, overzealous, and frivolous action. *Evans v. Quest Diagnostics, Inc.*, 1st Dist. Hamilton No. C-140479, 2015-Ohio-3320, ¶ 18; *Riston* at ¶ 35. The test to determine whether a claim is frivolous is whether no reasonable lawyer would have brought the action in light of existing law. *Evans* at ¶ 18; *Riston* at ¶ 36.

{¶ 36} In this case, appellants contend that Stallworth's counsel did not act in good faith, and did not examine the lack of evidence supporting his client's claim prior to filing the complaint. Specifically, WALH alleged that counsel knew that it was not a party to the action, nevertheless included it as a defendant. Our review of the record indicates that Woods was doing business as "What a Lovely Home." "What a Lovely Home, L.L.C.," the entity that Stallworth named as a party defendant is owned by Woods's mother. The names of the businesses are extremely similar and, in fact, the Garfield Heights Municipal Court, mistakenly entered judgment in favor of WALJ L.L.C., rather than WALH.

{¶ 37} Moreover, a review of Woods's deposition transcript reveals that he was unable or unwilling to answer counsel's questions about Woods's use of the L.L.C. in his business operations. Finally, when looking at the Common Pleas Court docket for the case where Woods filed a judgment lien against Stallworth,

which was introduced as trial exhibit No. 1-P-1, it listed "Doug Woods, d.b.a. What a Lovely Home, L.L.C." Accordingly, this court can understand why a mistake may have occurred or under what impression counsel may have had when filing the case. Granted, the name could have been corrected or the real party could have been substituted, but failure to do so is not sanctionable conduct under Civ.R. 11.

{¶ 38} Appellants also contend that Stallworth and her counsel engaged in sanctionable conduct because they pursued a frivolous lawsuit that only served to harass and maliciously injure them. They maintain that the complaint attempted to relitigate the Garfield Heights proceedings and was based entirely on a "mere scrivener's error" that ultimately caused no harm. Finally, appellants maintain that counsel purposely delayed trial proceedings by being untruthful with the trial court regarding the status of Stallworth's purported expert witness.

{¶ 39} Addressing the witness argument first, the record before this court shows that Stallworth filed the expert report of her therapist shortly after the case commenced. Additionally, the record shows that Stallworth's counsel filed a subpoena with the clerk's office for Stallworth's therapist to appear at trial. No transcript of the trial was filed with this court, but according to the arguments raised in their motion for sanctions, the expert did not timely appear and Stallworth's counsel advised the court that he believed that the witness was "on her way." Ultimately, the expert witness never appeared for trial.

{¶ 40} Counsel for the company that employed the therapist filed a notice with the trial court that the therapist was never properly served with the subpoena,

thus explaining why she did not respond and appear at trial. The notice stated that the subpoena was merely faxed to the therapist; it was not served pursuant to Civ.R. 45. Appellants contend that based on this notice, Stallworth's counsel was dishonest when he told the court that the therapist was "on her way."

{¶ 41} Absent a transcript of the proceedings, this court has no way of knowing what Stallworth's counsel may or may not have advised the court. The record shows that counsel attempted to serve the therapist with the subpoena and that the therapist knew about the subpoena based on the subsequent filing explaining why she did not appear. Accordingly, without a transcript substantiating appellants' assertions, this court cannot say that the trial court abused its discretion in denying the motion for sanctions on this basis.

{¶ 42} We further find no abuse of discretion in the trial court's decision to deny sanctions for pursuing the lawsuit against Woods. Although the visiting judge in this case ultimately entered judgment in favor of the appellants, finding that plaintiff did not withstand her burden of proving her case, the visiting judge did not make any finding or conclusion of law that Stallworth's claim rose to the level of being frivolous. Although Stallworth may not have prevailed at trial, it does not automatically make her conduct and lawsuit frivolous. *See Schiff v. Dickson*, 2013-Ohio-5253, 4 N.E.3d 433, ¶ 14 (8th Dist.). "R.C. 2323.51 does not purport to punish a party for failing on a claim[,]" or for making a misjudgment or tactical error. *Riston*, 149 Ohio App.3d 390, 2002-Ohio-2308, 777 N.E.2d 857 at ¶ 35.

{¶ 43} Whether conduct evidences an intent to harass or maliciously injure generally is a factual determination best suited for the trial court. Therefore, we must give deference to the lower court's judgment regarding those issues.

{¶ 44} Reviewing the entire record, the subpoena issued that prompted this entire lawsuit was filed in an unrelated case. The subpoena was later characterized as "fraudulent" and was quashed by the trial judge in the unrelated case. Based on that journal entry, which was admitted as trial Exhibit G, Woods engaged in this conduct on another unrelated case where he attempted to subpoena financial records for a nonparty. In fact, the visiting judge's findings of fact and conclusions of law recognized the "peculiarity" of the subpoena being issued, and further questioned the "vehicle for collection" that Woods used.

{¶ 45} In his motion for sanctions, Woods contends that the creation and filing of the subpoenas were in error made by his hired collection agency and was simply misfiled under the wrong case number. However, when the subpoenas were issued to both Huntington Bank and US Bank, the judgment-lien case, the case where Woods purportedly indicated it should have been filed, did not even exist. The subpoenas were issued on December 28, 2015, and Woods did not commence the judgment lien case until May 11, 2016. No other case existed in the Cuyahoga County Common Pleas Court involving the case caption "Doug Woods v. Dana Stallworth" at the time that the subpoenas were issued. Moreover, the case number in which the subpoenas were actually filed was not a collection case and

had been closed since 2014. Accordingly, it is difficult for this court to find that this misfiling was simply a mistake.

{¶ 46} Furthermore, when reviewing the handwritten subpoena, along with the other handwritten documents including the lease agreement between Woods and Stallworth, certain similarities exist that question whether his hired collection agency actually created the subpoena. This would be contrary to Charles Hudson's deposition testimony whereby he stated that, without Doug Woods's authorization, he created the subpoena, signed the subpoena on behalf of Doug Woods, and mistakenly filed the subpoena under the wrong case number. Accordingly, the visiting judge's finding of "peculiarity" cannot go unnoticed.

{¶ 47} Considering that this court's remand order mandated for the assigned judge to determine the request for sanctions "in light of the visiting judge's findings of fact and conclusions of law," we find no abuse of discretion by the trial court in denying appellants' request for sanctions. The assigned judge considered the case from its inception, including reviewing multiple motions for summary judgment and motions to compel filed by both parties. Based on the assigned judge's familiarity of the parties and procedural history, the visiting judge's findings of fact and conclusions of law, which included a review the entire court file, we cannot say that the trial court abused its discretion in denying the motions for sanctions.

{¶ 48} Accordingly, appellants' fifth assignment of error is overruled.

{¶ 49} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

SEAN C. GALLAGHER, P.J., and
EILEEN A. GALLAGHER, J., CONCUR